UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLAUDIO RENE individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>  -against-<br><br>31 EAST 21 EXPRESS INC., BEST THAI ON 8 CORP., RTC 18 CORP., 331 LEXINGTON RESTAURANT CORP. (All Doing Business As RHONG-TIAM EXPRESS), EXPRESS THAI ONE, INC., LUCKY THAI EXPRESS INC., PUN SAN LAAN INC, BEST THAI ON GRAMERCY INC., KARNCHANART SAE LOO, ANDY YANGEKSAKUL aka. ANDY YANG, MACHARVADEE PREMWONGSIRI and PUN SAN LAAN<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**Collective Action and Class Action Complaint** |

Plaintiff CLAUDIO RENE individually and on behalf of other similarly situated employees by and through his attorneys, FISHER TAUBENFELD LLP, allege against Defendants BEST THAI ON GRAMERCY INC ("Best Thai"), 31 EAST 21 EXPRESS INC. ("31 East"), BEST THAI ON 8 CORP. ("8 Corp"), RTC 18 CORP ("RTC"), 331 LEXINGTON RESTAURANT CORP. ("331 Lexington") (Best Thai, 31 East, 8 Corp, RTC, and 331 Lexington are collectively the "Original Owners"), EXPRESS THAI ONE, INC. ("Express"), LUCKY THAI EXPRESS INC. ("Lucky Thai"), PUN SAN LAAN INC ("Laan Inc.") (Express, Laan Inc., and Lucky Thai are collectively the "New Owners") (the Original Owners and New Owners are collectively the "Corporate Defendants"), KARNCHANART SAE LOO ("Loo"), MACHARVADEE PREMWONGSIRI ("Premwongsiri") RACHAPAS ANDY

YANGEKSAKUL ("Yang") and PUN SAN LAAN ("Pun San") (collectively the "Individual Defendants") as follows:

## INTRODUCTION

1. Plaintiff was formerly employed by the Corporate Defendants, the owner of a Thai restaurant located in Manhattan, and its owner. During Plaintiff's employment, Defendants did not pay him properly under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and New York State Labor Law ("NYLL"). In 2019, the owner sold the restaurant and the new owner continued to violate the FLSA and NYLL.

2. The new owner also discriminated against Plaintiff in violation of 42 U.S.C. § 1981 ("Section 1981"), New York City Human Rights Law, New York City Administrative Code § 8-101 *et seq.* ("City Law") and the New York State Human Rights Law, Executive Law §290 *et seq.* ("Human Rights Law") based on Plaintiff's national origin and ethnicity.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES.

4. Upon information and belief, Defendant 31 East doing business as Rhong-Tiam Express is incorporated to do business within New York State and does business in the New York State.

5. Upon information and belief, Defendant Best Thai on 8 Corp. doing business as Rhong-Tiam Express is incorporated to do business within New York State and does business in the New York State.

6. Upon information and belief, Defendant 8 Corp. doing business as Rhong-Tiam Express is incorporated to do business within New York State and does business in the New York State.

7. Upon information and belief, Defendant RTC doing business as Rhong-Tiam Express is incorporated to do business within New York State and does business in the New York State.

8. Upon information and belief, Defendant 331 Lexington doing business as Rhong-Tiam Express is incorporated to do business within New York State and does business in the New York State.

9. Upon information and belief, Defendant Best Thai is incorporated to do business within New York State and does business in the New York State.

10. Upon information and belief, Defendant Express is incorporated to do business within New York State and does business in the New York State.

11. Upon information and belief, Defendant Laan Inc. is incorporated to do business within New York State and does business in the New York State.

12. Upon information and belief, Defendant Lucky Thai is incorporated to do business within New York State and does business in the New York State.

13. Upon information and belief, at all times relevant hereto, each Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

14. Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

15. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

16. Upon information and belief, each Individual Defendant resides in the State of New York and is or was an owner, manager and/or employee of one or more Corporate Defendant.

**New Owners is a Successor-in-Interest of the Old Owners.**

17. Defendants are corporations and their owners, which all own or owned Nana Thai Restaurant ("Nana Thai Restaurant"), which is a restaurant engaged in the business of serving food and drink to customers in Manhattan.

18. Nana Thai Restaurant is a Thai restaurant. Defendants employ cooks, dishwashers, server, busboys and other similar employees in both the front and back of the house all of whom, upon information and belief, are paid less than required under federal and New York State law for their work each hour and week.

19. Plaintiff has been employed by Defendants to work as a cook within the last six (6) years. Plaintiff initially worked for the Original Owners and their owners and continued to work for the New Owners upon the sale of the restaurant in 2019.

20. Upon the sale, the New Owners continues to operate Nana Thai Restaurant and retained the previous employees.

21. Indeed, Plaintiff worked for Nana Thai Restaurant both before and after the sale.

22. Nana Thai remains in the same location and uses the same equipment.

23. Upon information and belief, the New Owners purchased the assets and liabilities of the Laundromat.

24. The New Owners was aware or should have been aware of the legal improprieties before purchasing Nana Thai Restaurant. Even a cursory review of the Previous Owners' payroll practices at the time of the sale would have alerted the New Owners that the Previous Owners had violated several federal and New York State wage laws.

25. The New Owners retained many of the Previous Owners' unlawful pay practices.

26. The New Owners therefore operated Nana Thai in substantial continuity with the Previous Owners and is liable to Plaintiff and other similarly situated employees for the Previous Owners' violations

27. Plaintiff was at all times material hereto a "person" within the meaning of the City Law, protected from discrimination on the basis of national origin and ethnicity.

28. Each Individual Defendant is, upon information and belief, the principal and an officer of one or more Corporate Defendants.

29. Each Individual Defendant possesses or possessed the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

30. Each Individual Defendant approves or approved the payroll practices for Nana Thai Restaurant's employees, including Plaintiff.

31. Each Individual Defendant possesses or possessed operational control over Nana Thai Restaurant and its employees through his financial control over Nana Thai Restaurant.

32. After the sale, Defendant Pun San possesses the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

33. In particular, Defendant Andy hired Plaintiff before the sale to the New Owners.

34. Defendant Pun San approves the payroll practices for Nana Thai Restaurant's employees, including Plaintiff.

35. Defendant Pun San possesses operational control over Nana Thai Restaurant and its employees through his financial control over Nana Thai Restaurant.

36. Each Individual Defendant is engaged in business in the City of New York, County of New York and is sued individually in his capacity as an owner, officer, employee, and/or agent of one of the Corporate Defendants.

37. Each Individual Defendant exercises or exercised sufficient operational control over one or more Corporate Defendant's operations to be considered Plaintiff's employer under FLSA and NYLL.

38. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

**NATURE OF THE ACTION**

39. Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto on behalf of herself and other similarly situated employees who were employed by Defendants within three (3) years before the filing of the instant Complaint; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 146 *et seq.* on behalf of herself and other similarly situated employees who worked on or after the date that is six (6) years before the filing of the instant Complaint, based upon the following acts and/or omissions which Defendants committed:

   i. Defendants' failure to pay proper overtime compensation to Plaintiff as required by federal and state law and regulations when she worked in excess of forty (40) hours per week; and

   ii. Defendants' failure to provide Plaintiff with spread-of-hours payments under 12 NYCRR 146-1.6;

   iii. Defendants' failure to provide Plaintiff with a wage notice and paystubs as required by NYLL § 195.

40. Additionally, Plaintiff brings this action to challenge Defendants' practice of national origin and ethnicity discrimination in the terms, conditions, and privileges of Plaintiff's employment in violation of the City Law and State Law.

41. During all relevant times, Defendants employed at least four (4) people and constituted an employer within the definition of the City Law.

42. Pursuant to § 8-502(c) of the City Law, within ten days of the filing this Complaint with the Court, Plaintiff will serve a copy of this Complaint on the New York City Commission on Human Rights and on the Corporation Counsel for the City of New York.

43. Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL, as detailed in this Complaint.

## FACT ALLEGATIONS

### I. Defendants' Wage and Hour Violations.

44. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continue to be economically injured.

### A. Plaintiff's Schedule and Pay.

45. Plaintiff worked for the Previous Owners and their owners as a cook from approximately 2010 until April 2019.

46. Plaintiff then worked for the New Owners and their owners from April 2019 until October 5, 2020 with a break from March 16, 2020 until April 30, 2020.

47. At the beginning of his employment, Plaintiff worked 6 days a week from 10:00 a.m. to 10:00 p.m.

48. Starting in 2016, Plaintiff worked 5 days a week from 11:00 a.m. to 10:00 p.m.

49. In December 2019, Plaintiff began working 4 days a week from 11:45 a.m. to 10:00 p.m.

50. Beginning on May 1, 2020, Plaintiff began working 3 days a week from 11:00 a.m. to 10:00 p.m.

51. In September 2020, Plaintiff began working 3 full days from 11:00 a.m. to 10:00 p.m. and one-half day from 10:45 a.m. until 5:00 p.m.

52. Throughout Plaintiffs' employment, he began work 15 minutes before his shift.

53. Through Plaintiff's employment, Defendants paid him a set salary no matter how many hours he worked.

54. Plaintiff was paid partly by check and partly by cash.

55. In 2015, Plaintiff earned approximately $700 weekly.

56. In 2016, when Plaintiff began working 5 days a week, he earned $800 weekly.

57. In December 2019, Defendants reduced Plaintiff's pay to $750 weekly.

58. Beginning on May 1, 2020, Defendants began paying Plaintiff $500 weekly.

59. In September 2020, Defendants raised Plaintiff's pay to approximately $600.

60. Plaintiff's pay via check fluctuated from week to week, but he still received the same total pay between his check and cash.

61. Plaintiff was permitted to a 30 minute meal break for only a short period of time during his employment.

### B. Violations Affecting Plaintiff.

#### 1. Overtime Violations

62. Although Plaintiff regularly worked more than 40 hours each work, Defendants never paid him for his overtime work, either at their regular rate or at an overtime premium of 150% of their regular rate.

### 2. Notice and Recordkeeping Violations

63. Defendants failed to provide Plaintiff with a wage notice or paystubs in compliance with NYLL § 195.

64. Defendants did not provide Plaintiff with a notice specifying her rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

65. Defendants also did not provide Plaintiff with a proper paystub specifying the pay period, her hourly rate of pay, the regular and overtime hours she worked, or any other information required under NYLL § 195.

66. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

### 3. Defendants' Failure to Pay Spread-of-Hours Payments.

67. Defendants failed to pay Plaintiff spread-of-hours payments.

68. Although Plaintiff regularly worked more than 10 hours in a day, Defendants did not pay Plaintiff for an extra hour of work at the minimum wage when Plaintiff worked more than 10 hours in a day.

## II. Defendant's National Origin and Ethnicity Discrimination.

69. The New Owners discriminated against Plaintiff by subjecting him a hostile work environment.

70. Plaintiff is Hispanic and his national origin is from Ecuador.

71. The New Owners routinely denied Plaintiff and other Hispanic employees meal breaks, which he permitted Thai employees to take.

72. Defendant Pun San also made derogatory comments to Hispanic employees. He told them that used to be in a gang and threatened to kill them.

73. Defendant Pun San also told Hispanic employees that he had stabbed someone previously and proceeded to threaten to kill them by making a gun gesture with his hand.

74. These comments and actions constituted a hostile work environment.

## II. Collective Action Allegations.

75. Defendants' violations of the FLSA and NYLL extend beyond the Plaintiff to all other similarly situated employees.

76. Plaintiff seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated current and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

77. Plaintiff's Consent to Sue form is attached as **Exhibit 1**.

78. Upon information and belief, there are at least 40 current and former waiters, waitresses, busboys, cooks, and dishwashers and other employees performing similar duties who have been denied minimum wage and overtime compensation while working for Defendants.

79. At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required minimum wage for all hours worked, willfully failing and refusing to pay the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek, and willfully failing to keep records required by the FLSA. Plaintiff's stated herein are similar to those of other employees.

80. In bringing this action, Plaintiff is representative of and is acting on behalf of the interests of other current and former employees who have worked for Defendants within the last three (3) years.

81. Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### III. Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.

82. Plaintiff brings this action on behalf of himself and all other current and former waiters, waitresses, busboys, cooks, and dishwashers and other persons who were or are employed by Defendants but who did not receive compensation required by the NYLL in respect to their work for Defendants.

83. Upon information and belief, this class of persons consists of not less than 40 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

84. There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiff by Defendants is subject to jurisdiction and wage and overtime requirements of the NYLL.

85. The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

86. Plaintiff will fairly and adequately protect the interests of the members of the class, in that her interests are not adverse to the interests of other members of the class.

87. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

88. Plaintiff brings the third, fourth, and fifth claim for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations of NYLL.

## **FIRST CLAIM FOR RELIEF**
**(FLSA Overtime Wage Violations Against All Defendants)**

89. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

90. Throughout the statute of limitations period covered by these claims, Plaintiff and others similarly situated regularly worked in excess of forty (40) hours per workweek.

91. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

92. Plaintiff and others similarly situated seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(NYLL Overtime Wage Violations Against All Defendants)**

93. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

94. New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

95. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

96. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
**(NYLL Failure to Notify Against All Defendants)**

97. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

98. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff and other similarly situated employees' hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

99. Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff and other similarly situated employees with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

100. Defendants failed to provide Plaintiff and other similarly situated employees with a notice or paystub in accordance with §195 of the NYLL.

101. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek damages in accordance with §198 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
**(NYLL Unpaid Spread-of-Hours Against All Defendants)**

102. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

103. Pursuant to 12 NYCRR 146-1.6, Defendants had an obligation to compensate Plaintiff and other similarly situated employees for one hour's pay at the minimum wage for each day he worked more than 10 hours.

104. Although Plaintiff regularly worked more than 10 hours in a day, Defendants failed to compensate Plaintiff and other similarly situated employees for one hour's pay at the minimum wage.

105. As a direct and proximate result of Defendants' unlawful conduct as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek recovery for spread-of-hours pay in an amount to be determined at trial, attorneys' fees, costs,

liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### FIFTH CAUSE OF ACTION
### (Race and Color Discrimination under Section 1981
### Against the New Owners and Pun San)

106. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

107. By the acts and practices described above, Defendants discriminated against Plaintiff based on his race and/or color, in violation of Section 1981(c).

108. Section 1981 provides in relevant part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens…" 42 U.S.C. § 1981(a).

109. Section 1981(c) and the Fourteenth Amendment to the U.S. Constitution protect "all persons" against "nongovernmental discrimination."

110. Defendants knew that their actions constituted discrimination and willfully disregarded Plaintiff's statutorily protected rights.

111. Plaintiff is now suffering mental anguish, pain, suffering, and monetary damages as a result of Defendants' discriminatory conduct.

### SIXTH CLAIM FOR RELIEF
### (City Law Discrimination
### On the Basis of Ethnicity and National Origin
### Against the New Owners and Pun San)

112. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

113. By the acts and practices described above, the New Owners and Pun San Defendants discriminated against Plaintiff by subjecting him to a hostile work environment on the basis of his ethnicity and national origin, in violation of City Law.

114. Defendants knew that their actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

115. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

**SEVENTH CLAIM FOR RELIEF**
**(Human Rights Law Discrimination**
**On the Basis of Ethnicity and National Origin**
**Against the New Owners and Pun San)**

116. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

117. By the acts and practices described above, the New Owners and Pun San Defendants discriminated against Plaintiff by subjecting him to a hostile work environment on the basis of his ethnicity and national origin, in violation of the Human Rights Law.

118. Defendants knew that their actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

119. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Back Pay;

C. Front Pay;

D. Emotional Distress Damages;

E. Punitive Damages;

F. Prejudgment Interest;

G. Liquidated Damages pursuant to the FLSA and NYLL;

H. Plaintiff's costs and reasonable attorneys' fees; and

I. Any relief the Court deems just and proper.

Dated: August 31, 2021
      New York, New York

Respectfully submitted,

*Michael Taubenfeld*

Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFF*