FISHER | TAUBENFELD LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 384-0258
Writer's email: michael@fishertaubenfeld.com

October 25, 2022

**VIA ECF**
Hon. John G. Koeltl
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: Rene v. 31 East 21 Express Inc. et al.
Case No.: 21-cv-7435 (JGK) (KHP)

Dear Judge Koeltl:

This firm represents Plaintiff in the above-referenced matter. Pursuant to Local Rule 37.3, Plaintiff respectfully requests that the Court compel Defendant Pun San Laan Inc. to respond to Plaintiff's Document Requests #18-19 regarding its finances and its purchase of the restaurant from the predecessor Defendants. All other Defendants in this action have defaulted, aside from Plaintiff Thanaphan Laonotwuttikul whose deadline to answer is October 27, 2022.

### I. FACTS & PROCEDURAL HISTORY

Plaintiff was employed at a Thai restaurant located in Manhattan from approximately 2010 until October 5, 2020. The restaurant was apparently purchased by Pun San Laan Inc. in April 2019 during Plaintiff's employment. Throughout Plaintiff's employment, the prior owners and current Defendants did not pay him properly under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and New York State Labor Law ("NYLL"). Plaintiff regularly worked more than 40 hours each week, but Defendants never paid him properly for all his hours. Defendants also failed to provide Plaintiff with proper documentation in compliance with NYLL § 195. Plaintiff has alleged that Defendant Pun San Laan Inc. is a successor in interest under the FLSA and NYLL and therefore responsible for the previous owner's liability.

Defendants also discriminated against Plaintiff based on his national origin and ethnicity. Plaintiff is Hispanic, originally from Ecuador. Defendants routinely denied Plaintiff and other Hispanic employees meal breaks, which Thai employees were permitted to take. One supervisor also made derogatory comments to Hispanic employees, even threatening to kill them.

Plaintiff served Document Requests on Defendant Pun San Laan Inc. (See **Exhibit 1**, Plaintiff's Document Requests). As relevant to this motion, Plaintiff sought to acquire documents regarding (1) Defendant's enterprise liability under FLSA, 29 U.S.C. § 203(r), and (2) Defendant's successor liability. Specifically, Plaintiff requested documents regarding Defendant Pun San Laan Inc.'s finances and documents regarding the sale of restaurant and the operation of the restaurant before and after the sale. **Ex. 1**, pp. 13-15. Defendant Pun San Laan Inc. responded to each request with the same form objection (**Exhibit 2**):

> Defendant objects to this request as vague, overbroad in scope and time (e.g., not limited to the period covered by this action), not relevant or proportionate to the claims and defenses in this action and thus unnecessarily burdensome. Specifically, it is not narrowly tailored to any of Plaintiff's claims, or any of Defendant's defenses or affirmative defenses. Notwithstanding and without waiving these objections, Defendant respectfully refers Plaintiff to the bate-stamped document production made simultaneously herewith.

The documents did not contain any documents responsive to these requests. Plaintiff attempted to meet-and-confer, which took weeks to schedule, but Defendant Pun San Laan Inc. finally agreed to meet-and-confer on September 6, 2022, at which time it agreed to supplement its responses. Nevertheless, to date, despite many attempts by Plaintiff to obtain additional documents, Defendant Pun San Laan Inc. has failed to provide additional documents and responses or supplement their patently deficient responses.

## II. THE COURT SHOULD COMPEL DEFENDANT PUN SAN LAAN INC. TO PRODUCE REQUESTED DOCUMENTS AND INFORMATION

The Court should grant Plaintiff's motion to compel. The requested documents are relevant to the issue of whether Defendant Pun San Laan Inc. constituted an enterprise under the FLSA, which is one way to establish FLSA coverage. Gordon v. Gen. Prop. Mgmt. Assocs., Inc., 496 F. Supp. 3d 830, 836 (S.D.N.Y. 2020). Defendant Pun San Laan Inc., however, has refused to produce these documents without explanation. Further, Plaintiff is asserting that that Defendant Pun San Laan Inc. is a successor-in-interest of the defaulting Defendants and liable for the defaulting Defendants' violations. Alvarez v. 40 Mulberry Rest., Inc., No. 11 CIV. 9107 PAE, 2012 WL 4639154, at *4 (S.D.N.Y. Oct. 3, 2012). To determine appropriate responsibility and damages, it is vitally important that Plaintiff understands the circumstances of the restaurant's purchase and succession, including which defaulting Defendant is the actual predecessor of the current owner. Plaintiff needs to determine, among other things, whether the new owners were on notice of the potential liability and what resources the predecessor still possesses to contribute to damages if liability is found. Further, Plaintiff must determine whether Defendant Pun San Laan Inc. used the same employees and equipment among other things. Yet, Defendant Pun San Laan Inc. has inexplicably not even produced the bill of sale. A year into this litigation Plaintiff still does not know which entity sold the restaurant to Defendant Pun San Laan Inc.

   Plaintiff has, as required under Federal Rule of Procedure 37, in good faith conferred with the Defendant Pun San Laan Inc. in an effort to secure the requested disclosure without court action. After a meet-and-confer in September, at which Defendant Pun San Laan Inc. said it would provide supplemental responses, it nonetheless has failed to produce the requested documents for almost two months since that meet-and-confer.

   Accordingly, we respectfully request that the Court compel Defendant Pun San Laan Inc. to respond to Plaintiff's Document Requests #18-19.

   We greatly appreciate the Court's attention to this matter.

                  Very truly yours,

                  --------------/s/------------
                  Michael Taubenfeld

Encl.