# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792..0046 • E: Jason@levinepstein.com

October 27, 2022

*Via Electronic Filing*
The Honorable Judge John G. Koeltl
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Rene v. 31 East 21 Express Inc.*
Case No.: 1:21-cv-07435-JGK

Dear Honorable Judge Koeltl:

[Handwritten annotation: A pre-motion conference will be held on Tuesday, November 1, 2022, at 4:30pm. Dial-in: (888) 363-4749 Access code: 8140049 So ordered. John G. Koeltl, U.S.D.J. 10/28/22]

This law firm represents Defendants Pun San Laan Inc. (the "Corporate Defendant") and Thanaphan Laonutwuttikul (the "Individual Defendant", and together with the Corporate Defendant, the "Defendants", or "Nana Thai") in the above-referenced matter.

Pursuant to Your Honor's Individual Motion Practice Rules I(A) and II(B), this letter respectfully serves to request the scheduling of a pre-motion conference on Defendants' anticipated motion to dismiss the Amended Complaint, filed on July 25, 2022 [Dckt. No. 49] (the "Amended Complaint" or the "*Am. Compl.*") by Plaintiff Claudio Rene Calle (the "Plaintiff"), pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 12(b)(6).

The gravamen of the contemplated Motion to Dismiss is that the Amended Complaint impermissibly seeks sprawling relief against Nana Thai for, *inter alia*, Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL") violations that pre-date Plaintiff's employment at Nana Thai, *i.e.,* prior to April 2019.

## I. Background and Procedural History

According to the Amended Complaint, Plaintiff worked at two (2) different Thai Restaurants between 2019 and 2020, *to wit*: (i) Lucky Thai; and (ii) Nana Thai, as follows:

### A. Plaintiff's Employment at Lucky Thai

| Start | End | Avg. Hours per Week | "Credited" Weekly Rate |
|---|---|---|---|
| 1/1/2010 | 12/31/2010 | 72 | - |
| 1/1/2011 | 12/31/2011 | 72 | - |
| 1/1/2012 | 12/31/2012 | 72 | - |
| 1/1/2013 | 12/31/2013 | 72 | - |
| 1/1/2014 | 12/31/2014 | 72 | - |
| 1/1/2015 | 12/31/2015 | 72 | $700 |

1

| | | | |
|---|---|---|---|
| 1/1/2016 | 12/31/2016 | 55 | $800[1] |
| 1/1/2017 | 12/31/2017 | 55 | $800 |
| 1/1/2018 | 12/31/2018 | 55 | $800 |
| 1/1/2019 | 4/30/2019 | 55 | $800 |

### A. Plaintiff's Employment at Nana Thai

| Start | End | Avg. Hours per Week | "Credited" Weekly Rate |
|---|---|---|---|
| 5/1/2019 | 11/30/2019 | 55 | $800 |
| 12/1/2019 | 12/31/2019 | 41 | $750 |
| 1/1/2020 | 3/15/2020 | 41 | $750 |
| 3/16/2020 | 4/20/2020[2] | - | - |
| 5/1/2020 | 8/31/2020 | 33 | $500 |
| 9/1/2020 | 10/5/2020 | 39.25 | $600 |

The Amended Complaint alleges the following causes of action:

FIRST: Unpaid overtime wages under the FLSA.

SECOND: Unpaid overtime wages under the NYLL.

THIRD: Failure to provide wage notices and wage statements under the NYLL and Wage Theft Prevention Act.

FOURTH: Unpaid spread-of-hours under the NYLL.

FIFTH: Race and color discrimination under 42 U.S.C. § 1981(a)

SIXTH: Ethnicity and National Origination Discrimination under the New York City Human Rights Law and New York City Administrative Code § 8-101 *et seq.*

SEVENTH: Ethnicity and National Origination Discrimination under the New York State Human Rights Law, Executive Law §290 *et seq.*

---

[1] The Amended Complaint contains that unbelievable allegation that "In 2016, when Plaintiff began working 5 days a week, he earned $800 *annually*." [*Am. Compl.* at ¶ 55] (emphasis added).
[2] According to the Amended Complaint, Plaintiff did not work during this period. [*See Am. Compl.* at ¶ 45].

2

## II. Analysis of Plaintiff's Claims

### A. The Amended Complaint Does Not (And Cannot) State a Claim Upon Which Relief Can be Granted Against Nana Thai Before 2019

Neither Defendant can be considered Plaintiff's "employer" within the meaning of the FLSA and NYLL from 2010, through and including April 2019.

Under the FLSA, an "employee" is "any individual employed by an employer," 29 U.S.C. § 203(e)(1), and an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee," *id.* § 203(d). To "employ" means "to suffer or permit to work." *Id.* § 203(g). The FLSA's definition of "employer" may apply to "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons," 29 U.S.C. § 203(a), (d), and an individual may be employed by more than one employer, 29 C.F.R. § 791.2(a). "Because the statute defines employer in such broad terms, it offers little guidance on whether a given individual is or is not an employer." *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir.1999). In making that determination, a court should focus on "whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case." *Id.* (internal citations omitted).

In the context of a motion to dismiss, district courts in this Circuit have therefore found that complaints insufficiently allege employment when they fail to plausibly state facts supporting the following four (4) *Carter*[3] factors: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Jin Dong Wang v. LW Rest., Inc.*, 81 F. Supp. 3d 241, 253 (E.D.N.Y. 2015) (citing *Irizarry v. Catsimatidis*, 722 F.3d 99, 111 (2d Cir. 2013)). *See, e.g.*, *Chen Lin v. Dolar Shop Rest. Grp., LLC*, 2021 WL 681075, at *7 (E.D.N.Y. 2021) (granting motion to dismiss for failure to state a claim); *Peng Bai v. Fu Xing Zhuo*, 2014 WL 2645119, at *4 (E.D.N.Y. 2014) ("[A]llegations that [defendant] had the power to hire, fire, set wages, set work conditions, and maintain employment records" were "conclusory and inadequate to establish that [defendant] was an employer."); *Bravo v. Established Burger One, LLC*, 2013 WL 5549495, at *7 (S.D.N.Y. 2013) (dismissing claims when plaintiffs simply alleged "the elements of the 'economic reality test' " with "no specific facts" because "mere boilerplate allegations that an individual meets the various prongs of the economic reality test are insufficient to survive a motion to dismiss") (quotations omitted); *see also Huer Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580, 588-89 (S.D.N.Y. 2020); *Chui-Fan Kwan v. Sahara Dreams Co. II Inc.*, 2018 WL 6655607, at *4 (S.D.N.Y. 2018).

Here, Plaintiff's Complaint provides no factual basis for Nana Thai's liability before April 2019. [*See Am. Compl.* at ¶¶ 31, 32] ("In particular, Defendant Andy (*i.e.*, Lucky Thai's principle) hired Plaintiff before the sale (*i.e.*, April 2019)…[and] set his rate of pay, and set his hours"); ("a[f]ter the sale (*i.e.*, April 2019) [the Individual Defendant] possesses the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.")

---

[3] *Carter v. Dutchess Community Coll.*, 735 F.2d 8, 12 (2d Cir. 1984).

3

### III. Conclusion

For the foregoing reasons, Defendants respectfully request the scheduling of a pre-motion conference on Defendants' anticipated motion to dismiss Plaintiff's Amended Complaint.

Thank you, in advance, for your time and attention to this matter.

        Respectfully submitted,

        LEVIN-EPSTEIN & ASSOCIATES, P.C.

        By: */s/ Jason Mizrahi*
            Jason Mizrahi, Esq.
            60 East 42nd Street, Suite 4700
            New York, New York 10165
            Tel. No.: (212) 792-0048
            Email: Jason@levinepstein.com
            *Attorneys for Defendants*

VIA ECF: All Counsel