F I S H E R | T A U B E N F E L D  L L P

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 384-0258
Writer's email: michael@fishertaubenfeld.com

October 31, 2022

**VIA ECF**
Hon. John G. Koeltl
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re*:* Rene v. 31 East 21 Express Inc. et al.
Case No.: 21-cv-7435 (JGK) (KHP)

Dear Judge Koeltl:

     We represent Plaintiff in this action.  We write to address Defendants' letter motion of October 27, 2022, in which they request a pre-motion conference on Defendants' anticipated Motion to Dismiss, and ask that the Court deny the motion.

### I. Background and Procedural History

     Plaintiff worked for a Thai restaurant from 2010 until April 2020. See, DE 49 ¶¶44-45. Initially, the restaurant was owned by various corporations and individuals, who violated the FLSA and NYLL by failing to pay Plaintiff proper overtime and spread-of-hours pay and in other ways. DE 49, ¶¶ 44-67.  In May 2019, Defendants Pun San Laan Inc. and Thanaphan Laonutwuttikul ("Successor Defendants") purchased the restaurant where Plaintiff worked.  The Successor Defendants were aware or should have been aware of the predecessors' violations given that the predecessors had been sued under the FLSA and NYLL.  The Successor Defendants used the same name, served the same food, continued to employ substantially the same workforce, including Plaintiff, operated from the same location, used the same equipment, and maintained many of the predecessor's unlawful pay practices.[1]  Upon the sale, the predecessors no longer had the ability to provide relief to Plaintiff for their rampant wage violations.  See, DE 49, ¶¶16-25, 44-67.

---

[1] The new owners also discriminated against Plaintiff on the basis of national origin and ethnicity. (See, DE 49, ¶¶68-73)

1

The predecessors are named as Defendants in this case but have defaulted. In June 2022, Plaintiff amended the complaint to add Defendant Laonutwuttikul. On October 27, 2022, Defendants requested a pre-motion conference to discuss a motion to dismiss Plaintiff's claims prior to the sale.

## II. Analysis of Defendants' Claims

In their request for a pre-motion conference (See DE #80), Successor Defendants completely fail to address Plaintiff's assertion that Defendants are successors-in-interest of Plaintiff's previous employer. Successor Defendants simply and incorrectly claim that they were not Plaintiff's employer prior to their purchase of the business, and that therefore they cannot be held responsible for any violations prior to May 2019. Defendants ignore their successor liability entirely.

Defendants are successors of the prior owners and are therefore liable for their predecessors' violations of the FLSA and NYLL. See Bautista v. Beyond Thai Kitchen, Inc., No. 14 CIV. 4335 LGS, 2015 WL 5459737, at *2 (S.D.N.Y. Sept. 17, 2015) (finding the purchaser of a Thai restaurant liable as a successor). Courts review the following factors when determining whether a purchaser is a successor under the FLSA and NYLL: "(1) whether the successor company had notice of the charge or pending lawsuit prior to acquiring the business or assets of the predecessor; (2) the ability of the predecessor to provide relief; (3) whether there has been a substantial continuity of business operations; (4) whether the new employer uses the same plant; (5) whether he uses the same or substantially the same work force; (6) whether he uses the same or substantially the same supervisory personnel; (7) whether the same jobs exist under substantially the same working conditions; (8) whether he uses the same machinery, equipment, and methods of production; and (9) whether he produces the same product." Id. at *5.

Regarding notice, Successor Defendants had, at a minimum, constructive notice of potential claims because their predecessor had been sued for the same wage violations years before they made the purchase. Bazan v. Best Thai on Grammercy Inc., SDNY Doc. No.: 15-cv-4830. Successor Defendants were therefore aware or should have been aware of the legal improprieties which its predecessor committed before purchasing the Restaurant. In addition, the predecessor here likely cannot provide relief since it sold the restaurant and has defaulted in this case. Further, Successor Defendants operated the restaurant at the same location with the same name, provided the same food, and used the same equipment and largely the same workforce as the predecessor. Further, Successor Defendants retained many of the previous owners' unlawful pay practices, and operated Nana Thai in substantial continuity with the previous owners. (DE 49, pp. 19-26.) Successor Defendants are therefore liable to Plaintiff for the predecessors' violations.

## III. Conclusion

Accordingly, Plaintiff requests that the Court deny Successor Defendants' motion to dismiss.

Thank you for your attention to the above.

                                                 Respectfully Submitted,
                                                 **--------------------/s/------------------**
                                               Michael Taubenfeld