# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792..0046 • E: Jason@levinepstein.com

February 17, 2023

*<u>Via Electronic Filing</u>*
The Honorable Judge John G. Koeltl
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

     Re: *Rene v. 31 East 21 Express Inc.*
       <u>Case No.: 1:21-cv-07435-JGK</u>

Dear Honorable Judge Koeltl:

  This law firm represents Defendants Thanaphan Laonutwuttikul (the "Corporate Defendant") and Thanaphan Laonutwuttikul (the "Individual Defendant", and together with the Corporate Defendant, the "Nana Thai Defendants") in the above-referenced matter.

  Pursuant to Your Honor's Individual Motion Practice Rules I(E), this letter respectfully serves to respond to the letter filed by Plaintiff Claudio Rene Calle (the "Plaintiff") on February 17, 2023 [Dckt. No 98].

  For the reasons set forth more fully below the Court should deny Plaintiff's extension request to the extent that it is based an anticipated motion for leave to amend the complaint.

  By way of background, on October 27, 2022 the Nana Thai Defendants filed a pre-motion conference on their anticipated motion to dismiss Plaintiff's Complaint. [*See* Dckt. No. 80]. Plaintiff filed a response letter on October 31, 2022. [*See* Dckt. No. 84].

  The parties appeared before Your Honor for a pre-motion conference on November 1, 2022. [*See* Dckt. No. 85, *see also* 11/01/2022 Minute Entry]. At the November 1, 2022 conference, Your Honor had offered the Nana Thai Defendants ***one final opportunity*** to freely amend their First Amended Complaint [Dckt. No. 49], before the filing of the Nana Thai Defendants' Motion to Dismiss. Of critical importance, Plaintiff's counsel declined the opportunity to amend, and chose to rest on the allegations in the Amended Complaint.

  The Nana Thai Defendants' costs in the instant action are extraordinary for a single-plaintiff FLSA case where the documentary record demonstrates that Plaintiff received every single dollar for time worked at Nana Thai. Defendants have produced ***hundreds of*** daily sign-in sheets, that Plaintiff physically signed, payroll records for checks that Plaintiff does not dispute receiving, and other records that undermine the time span Plaintiff allegedly worked. Presumably because Plaintiff has come to the late realization that his case-in-chief is doomed, Plaintiff is attempting run the clock even further.

  Plaintiff's inexplicable dilatory conduct cannot satisfy the Fed.R.Civ.P. 16(a) "good cause" for an amendment under Fed.R.Civ.P. 15(a)(2) because Plaintiff has been far from diligent in

prosecuting this action.[1] No justification approximating "good cause" exists to permit Plaintiff to re-start the discovery process in earnest. The consequences of such a late proposed amendment are financially dire and extremely prejudicial under controlling case law. Having to incur substantial attorneys' fees for allegations that should have been included at the outset of litigation, at this late stage, where discovery is essentially at its end, effectively bankrupts Defendants' defense. This is an abuse of process.

Subject to, and notwithstanding the foregoing, the Nana Thai Defendants are willing to consent to a one (1) week extension of time for Plaintiff to file his opposition to the motion to dismiss.

Thank you, in advance, for your time and attention to this matter.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
Jason Mizrahi, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel. No.: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Defendants*

VIA ECF: All Counsel

---

[1] Plaintiff never effected service on individual defendants Andy Yangeksakul a/k/a Andy Yang or Karnchanart Sae Loo. [*See* Dckt. Nos. 8-18, 56-59, 68-75]. On January 7, 2022, Plaintiff voluntarily discontinued the action, without prejudice, as against these individuals. [*See* Dckt. Nos. 7, 19]. As of the date of this filing (*i.e.,* in the **year-and-a-half** since the filing of the Complaint), Plaintiff has not sought a default against any of the remaining Rhong-Tiam Defendants.