F I S H E R | T A U B E N F E L D  LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 384-0258
Writer's email: michael@fishertaubenfeld.com

March 1, 2023

**VIA ECF**
Hon. John G. Koeltl
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: Rene v. 31 East 21 Express Inc. et al.
Case No.: 21-cv-7435 (JGK) (KHP)

Dear Judge Koeltl:

      We represent Plaintiff in this action. We write to respectfully request that the Court permit Plaintiff to file an amended complaint in lieu of responding to Defendants Pun San Laan Inc. and Thanaphan Laonutwuttikul[1]'s motion to dismiss. If the Court denies this request, we request a brief one-week extension of Plaintiff's deadline to amend. As Plaintiff indicated in his February 17, 2023 letter, Plaintiff has reviewed Defendants' motion and determined that amending his complaint to address certain deficiencies would be the most efficient way to preserve judicial resources. Plaintiff intends to add substantial allegations regarding each of the factors of the FLSA's substantial continuity test. Bautista v. Beyond Thai Kitchen, Inc., No. 14 CIV. 4335 LGS, 2015 WL 5459737, at *2 (S.D.N.Y. Sept. 17, 2015). Specifically, Plaintiff intends to add information regarding Defendants' notice of the prior owners' violations, the prior owner's ability to provide relief, and the continuity between the restaurant when owned by the prior owners and the new owners. Plaintiff is prepared to file his amended complaint by the March 3, 2023 deadline to oppose Defendants' motion.

      Defendants have declined to consent to this request on the supposed grounds that Plaintiff has waived any amendments because he did not agree to amend during the November 2022 premotion conference. However, Plaintiff was not required to amend at that time because Defendants had not yet filed their motion and the Court had not yet issued a decision. Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015) (finding that the court acted improperly "when in the course of the conference, it presented Plaintiffs with a

---

[1] Only Defendants Pun San Laan Inc. and Thanaphan Laonutwuttikul have appeared in this matter.

1

2

Hobson's choice: agree to cure deficiencies not yet fully briefed and decided or forfeit the opportunity to replead.") In Loreley, the Second Circuit instructed the district court to grant the plaintiffs leave to replead after granting the defendants' motion to dismiss. Id. at 191. Similarly here, if Plaintiff opposes Defendants' motion, and the Court grants it, Plaintiff will have the opportunity to amend once the motion is decided. Plaintiff therefore requests permission to amend now in order to preserve judicial resources.[2]

Should the Court deny this request, Plaintiff respectfully requests an additional week to oppose the motion until March 10, 2023.

Thank you for your attention to the above.

Respectfully Submitted,
--------------------/s/------------------
Michael Taubenfeld

---

[2] Should Defendants refile their motion, Plaintiff does not waive his right to request amendment after the Court issues a decision.