# LEVIN-EPSTEIN & ASSOCIATES, P.C.
_____

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792..0046 • E: Jason@levinepstein.com

March 2, 2023

<u>*Via Electronic Filing*</u>
The Honorable Judge John G. Koeltl
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *Rene v. 31 East 21 Express Inc.*
         Case No.: 1:21-cv-07435-JGK

Dear Honorable Judge Koeltl:

  This law firm represents Defendants Thanaphan Laonutwuttikul (the "Corporate Defendant") and Thanaphan Laonutwuttikul (the "Individual Defendant", and together with the Corporate Defendant, the "Nana Thai Defendants") in the above-referenced matter.

  Pursuant to Your Honor's Individual Motion Practice Rules I(A), and S.D.N.Y. Local Civil Rule ("LCR") this letter respectfully serves to request a reconsideration of the Court's March 2, 2023 Order [Dckt. No. 102].

  This letter further respectfully serves to respond to the letter filed by Plaintiff Claudio Rene Calle (the "Plaintiff") on March 2, 2023 [Dckt. No 101] seeking leave to amend the First Amended Collective Action and Class Action Complaint, filed on July 25, 2022 [Dckt. No. 49] (the "Amended Complaint", or the "FAC") (the "Letter Motion to Amend").

  As set forth more fully below, the Letter Motion to Amend should have been denied on the grounds that the request is procedurally, legal and factually improper.

### I. Plaintiff's Letter Motion to Amend is Procedurally Improper

As a threshold matter, Plaintiff's Letter Motion to Amend was filed in derogation of:

1. Your Honor's Individual Rule I(F)[1];
2. Your Honor's Individual Rule II(B)[2];
3. S.D.N.Y. LCR 7.1(a)[3]; and
4. S.D.N.Y. LCR 7.1(d)[4].

---

[1] "Letter-motions may be filed via ECF if they comply with the S.D.N.Y. Local Rules…"
[2] "…[A] pre-motion conference with the court is required only before making a motion to dismiss, **motion to amend** or a motion for summary judgment." (emphasis added).
[3] "Except for letter-motions as permitted by Local Rule 7.1(d) or as otherwise permitted by the Court, all motions shall include the following motion papers:

 (1) A notice of motion, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion;
 (2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and
 (3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.

[4] "Applications for extensions or adjournments, applications for a pre-motion conference, and similar non-dispositive matters as permitted by the instructions regarding ECF published on the website of each respective Court and any

1

Plaintiff's failure to comply with this Court's Individual Motion Practice Rules and LCR is sufficient grounds in and of itself to deny the Letter Motion. *See United States for use & benefit of Five Star Elec. Corp. v. Liberty Mut. Ins. Co.,* 2021 WL 1948487, at *5 (S.D.N.Y. 2021); *Bento v. New York City Dep't of Citywide Admin. Servs.*, 2020 WL 1434570, at *4 (S.D.N.Y. 2020); *Paulson v. Tidal*, 2018 WL 3432166, at *6 (S.D.N.Y. 2018); *Stone v. 866 3rd Next Generation Hotel,* 2001 WL 515202, at *1 (S.D.N.Y. 2001).

This Court should deny the Letter Motion to Amend as untimely, hold a pre-motion conference, and set a formal briefing schedule on an anticipated formal motion for leave to amend. *Carvel v. Franchise Stores Realty Corp.*, 2009 WL 4333652, at *13 (S.D.N.Y. 2009) (denying motion as untimely for failure to adhere to S.D.N.Y. LCR).

## II.     Plaintiff's Letter Motion to Amend is Legally and Factually Flawed

Plaintiff has failed to cite to the relevant procedural basis for leave to amend; that is, Fed.R.Civ.P. 15(a) and 16(a).

Instead, Plaintiff exclusively relies on one (1) case in support of the proposition that he be granted leave to amend, *to wit*: *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015). Contrary to the representations in Plaintiff's Letter Motion to Amend, *Loreley* does not stand for the proposition that a parting facing dismissal be granted *carte blanche* authority to amend their pleadings. Rather, the Second Circuit Court in *Loreley,* concluded that "***the procedure*** by which the district court denied leave to amend was improper." *Id.* at 190 (emphasis added).

As a threshold matter Plaintiff has not satisfied his initial burden under Fed.R.Civ.P. 16(a) of establishing "good cause" for the filing of a proposed second amended complaint nearly over ***two years*** after the commencement of the action, on September 3, 2021 [Dckt. No. 1], over ***one-year*** after the amended pleading filing deadline of June 24, 2022 [6/13/2022 Minute Entry], and nearly ***one-year*** after Defendants' document production of payroll records, time keeping records, sign-in, sign-out sheets, text messages, emails, employee manuals, and tax filings, undermining Plaintiff's claims. [*See* Dckt. No. 70 at p. 5]. Nor has Plaintiff satisfied his burden under Fed.R.Civ.P. 15(a), on whether the proposed amendment would be futile.

Plaintiff's failure to carry his *prima facie* burden under Fed.R.Civ.P. 16(a) and 15(a), warrants denial of the letter motion to amend.

## III.    Conclusion

For the reasons set forth more fully herein, this Court should deny the Letter Motion to Amend as untimely, hold a pre-motion conference, and set a formal briefing schedule on an anticipated formal motion for leave to amend. *Carvel v. Franchise Stores Realty Corp.*, 2009 WL 4333652, at *13 (S.D.N.Y. 2009) (denying motion as untimely for failure to adhere to S.D.N.Y. LCR).

---

pertinent Individual Judge's Practices, may be brought by letter- motion filed via ECF pursuant to Local Civil Rule 5.2(b)."

Thank you, in advance, for your time and attention to this matter.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
Jason Mizrahi, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel. No.: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for the Nana Thai Defendants*

VIA ECF: All Counsel

```
Application denied. The defendant may move or answer with
respect to the amended complaint.

SO ORDERED.

New York, New York        /s/ John G. Koeltl
March 3, 2023             John G. Koeltl, U.S.D.J.
```