**F I S H E R  |  T A U B E N F E L D  LLP**

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 384-0258
Writer's email: michael@fishertaubenfeld.com

May 31, 2022

**VIA ECF**
Hon. Katherine H. Parker
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #:_____       │
│ DATE FILED:__6/2/2023____   │
└─────────────────────────────┘
```

Re*: Rene v. 31 East 21 Express Inc. et al.*
Case No.: 21-cv-7435 (JGK) (KHP)

Dear Judge Parker:

This firm represents Plaintiff in the above-referenced matter. Plaintiff moves for the following relief:

(1) An extension of discovery from May 31, 2023 until September 1, 2023; and

(2) An order compeling non-appearing Defendants Karnchanart Sae Loo and Macharvadee Premwongsiri to comply with subpoenas served upon them.

Appearing Defendants consent to the extension of discovery.

**1.  Facts and Procedural History.**

Plaintiff in this action was employed at a Thai restaurant located in Manhattan from approximately 2010 until October 5, 2020. The restaurant was purchased by Defendant Pun San Laan Inc. in April 2019 during Plaintiff's employment. Defendant Premowongsiri was a prior owner of the restaurant and participated in the sale, and Defendant Sae Loo was involved in the restaurant prior to the sale. Throughout Plaintiff's employment, the prior owners and current Defendants did not pay him properly under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and New York State Labor Law ("NYLL"). Plaintiff has alleged that Defendant Pun San Laan Inc. is a successor in interest under the FLSA and NYLL and therefore responsible for the previous owner's liability. Plaintiffs sued Defendants Sae Loo and Premwongsiri and in early May 2023 served the Second Amended Complaint at their place of business (DE 107).

Nevertheless, they have defaulted. Notably, Defendant Sae Loo is answering Defendant Thanaphan Laonutwuttikul's current business partner in another venture.

Plaintiff served subpoenas requesting documents and testimony from Defendants Sae Loo and Premwongsiri. (**Exhibit 1**). The subpoenas were served on May 11 and May 12, 2023 via leaving a copy of the subpoena at their place of business and mailing a copy via first-class mail (**Exhibit 2**). In particular, Planitiff served Defendant Sae Loo by leaving a copy of the subpoena with Defendant Premwongsiri. The subpoenas requested the production of various documents regarding successor liability and scheduled the depositions for May 30, 2023. Copies of the subpoenas were also delivered by FedEx on May 26 to addresses where both Defendants had previously been successfully personally served. (**Exhibit 3**). Plaintiff's counsel also attempted to contact Defendants by phone on May 24, 2023 and May 25, 2023 and text message on May 25, 2023 using a number for Defendant Sae Loo obtained from her current business partner Defendant Thanaphan Laonutwuttikul at his deposition and a number for Defendant Premwongsiri obtained from the restaurant where she works (**Exhibit 4**). Nevertheless, Plaintiff has not received any response from Defendants Sae Loo and Premwongsiri to date and they failed to appear for their depositions.

2. **The Court Should Compel Defendants Sae Loo and Premwongsiri to Provide Responsive Documents and Sit for Their Deposition and Extend Discovery 60 Days to Permit These Activities.**

The Court should grant Plaintiff's motion to compel, where Plaintiff adequately served Defendants Sae Loo and Premwongsiri and they failed to respond. Rule 45 of the Federal Rules of Civil Procedure requires only that a subpoena be "deliver[ed]," and does not specify that such delivery must be by personal service. FRCP 45(b)(1). Rule 45 requires only delivery which "reasonably ensures actual receipt by a witness." Courts have permitted service via leaving a copy of the subpoena with a person of suitable age and discretion or a similar service mechanism. Ramchandani v. CitiBank Nat'l Ass'n, 616 F. Supp. 3d 353, 357-8 (S.D.N.Y. 2022) (leave-and-mail service on a person of suitable age and discretion complies with Rule 45); Beare v. Millington, No. 07-CV-3391 (ERK)(MDG), 2010 WL 234771, at *4 (E.D.N.Y. Jan. 13, 2010) (affix and mail service found adequate for service of a subpoena); In re Bayerische Motoren Werke AG, No. 22 MC 115 (VB), 2022 WL 2817215 (S.D.N.Y. July 19, 2022) (subject of subpoena received "actual and timely notice" through personal delivery to his mother-in-law); Med. Diagnostic Imaging, PLLC v. CareCore Nat., LLC, No. 06 CIV. 13516 VM THK, 2008 WL 3833238 (S.D.N.Y. Aug. 15, 2008) (service of subpoena by leaving at subject's place of employment and mailing a copy by first class mail permitted).

Further, Plaintiff has made other diligent attempts to notify Defendants' Sae Loo and Premwongsiri of the subpoenas by phone, mail, and text. These Defendants have been put on notice of the subpoenas, where Ms. Premwongsiri accepted personal service on behalf of Ms. Sae Loo, effectively alerting both parties to the Plaintiff's attempt to contact them. Plaintiff also FedExed copies of the subpoenas to addresses where both Defendants had previously accepted personal service. Plaintiff has also attempted to contact Defendants by text message and phone call to alert them to the existence of the subpoena to no avail. Plaintiff has therefore properly served these Defendants.

Alternatively, if the Court finds that service was not effective we request that the Court deem the service effective nunc pro tunc or permit Plaintiff to re-serve them via certified mail. Ramchandani, 616 F. Supp. 3d at 357-8.

Finally, Plaintiff requests that the Court extend discovery for 60 days in order to take these depositions. As noted above, the answering Defendants consent to this request. The reason for the additional time is that Answering Defendants' counsel will be overseas over the first two weeks of June, and we may need additional time to coordinate the depositions given summer vacation schedules.

Accordingly, we respectfully request that the Court compel Defendants Sae Loo and Premwongsiri to comply with Plaintiff's subpoenas and extend discovery until September 1, 2023.

We greatly appreciate the Court's attention to this matter.

Very truly yours,

--------------/s/------------
Michael Taubenfeld

Encl.

cc: Karnchanart Sae Loo (via Federal Express)
    Macharvadee Premwongsiri (via Federal E

**SO ORDERED:**

_Katharine H Parker_

**HON. KATHARINE H. PARKER**
**UNITED STATES MAGISTRATE JUDGE** 6/2/2023

Plaintiff's motion to compel is DENIED without prejudice. Plaintiff is reminded that Plaintiff must follow the Court's rules to request a pre-motion conference for all motions that are not letter motions. The Court finds a pre-motion conference is not necessary and Plaintiff shall file a motion to compel by **June 16, 2023**. The deadline to oppose is **June 30, 2023**.

Plaintiff's motion to extend discovery is DENIED without prejudice to reconsideration after a motion to compel is decided.

A case management conference is scheduled on **July 24, 2023, at 11:00 a.m.** in Courtroom 17-D, United States Courthouse, 500 Pearl Street, New York, New York.

3

Exhibit 1

**F I S H E R | T A U B E N F E L D LLP**

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 384-0258
Writer's email: michael@fishertaubenfeld.com

May 10, 2023

**VIA PERSONAL SERVICE**

Re*: Rene v. 31 East 21 Express Inc. et al.*
Case No.: 21-cv-7435 (JGK) (KHP)

Dear Ms. Premwongsiri:

We represent the Plaintiff in this action. Please see the attached subpoenas and associated rider requesting documents and testimony related to this case. The requested documents must be provided by May 30, 2023. Also, on May 30, we will procure testimony from you related to the claims in this lawsuit. For your convenience, we intend to take deposition via Zoom. Therefore, please contact us to coordinate the details of the deposition. Should May 30 not work for you for any reason, please let us know and provide us with some alternative dates when you could be available. Also, please inform us if you require an interpreter.

Thank you for your attention to the above.

Sincerely,

*Michael Taubenfeld*

Michael Taubenfeld

1

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| CLAUDIO RENE CALLE | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.    21-cv-07435-JGK-KHP |
| 31 EAST 21 EXPRESS INC. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                  MACHARVADEE PREMWONGSIRI

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:   Fisher Taubenfeld LLP<br>        225 Broadway, Suite 1700<br>        New York, NY 10007 | Date and Time:<br>        05/30/2023 10:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographically

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attached Rider

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/10/2023

CLERK OF COURT

                                         OR       *Michael Taubenfeld*

       *Signature of Clerk or Deputy Clerk*                                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Claudio Rene Calle
                                                       , who issues or requests this subpoena, are:

Michael Taubenfeld, Esq., Fisher Taubenfeld LLP, 225 Broadway, Suite 1700, New York, NY 10007,
michael@fishertaubenfeld.com, 212-384-0258.

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 21-cv-07435-JGK-KHP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Pursuant to the Rule 45 subpoena issued on May 10, 2023, attached is the following rider:

## DEFINITIONS AND INSTRUCTIONS

A.      "Seller Corporation" means 31 East 21 Express, Inc., Best Thai on 8 Corp., RTC 18 Corp., 331 Lexington Restaurant Corp. (all d/b/a Rhong-Tiam Express), Express Thai One, Inc., Lucky Thai Express Inc., and Best Thai on Gramercy Inc.

B.      "Buyer Corporation" means Pun San Laan Inc.

C.      "Laonutwuttikul" means Thanaphan Laonutwuttikul.

A.      "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

B.      "Documents" include any designated documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.  This includes all documents for which privilege is claimed.  If copies, reproductions or facsimiles of a document are not identical by reason of handwritten notations, initials, identification marks or any other modification, each such non-identical copy is a separate document within the meaning of this definition.

C.      "Communication" is defined as the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

D.       "Date" means the exact day, month, and year, if ascertainable, or, if not, the best approximation thereof.

F.      "Concerning" means relating to, referring to, describing, evidencing or

1

constituting.

G.      "And"/"Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all responses that might otherwise be construed to be outside of its scope.

H.      "All"/"Any"/"Each" shall each be construed as encompassing any and all.

I.      The use of the singular form of any word includes the plural and vice versa.

J.      The term "identify" means:

    (i)      when used with respect to a <u>natural person</u>, to give, to the extent known:

        (a)      the person's full name;

        (b)      present or last known address; and

        (c)      present or last known place of employment.

    (ii)      when used with respect to a <u>business, legal or governmental entity or association</u>, to give, to the extent known:

        (a)      the business, legal or governmental entity or association's legal name;

        (b)      the location of the business, legal or governmental entity or association's principal place of operation and main telephone number; and

        (c)      the business, legal or governmental entity or association's owner(s).

    (iii)      when used with respect to a <u>document</u> as defined herein, to give, to the extent known:

        (a)      the type of document;

        (b)      general subject matter;

(c)     date of the document; and

(d)     author(s), addressee(s) and recipient(s).

(iv)     when used with reference to a <u>communication</u>, to state:

(a)     the date when and place where such communication occurred;

(b)     the means of communication (e.g., telephone, writings, correspondence, personal conversations, meetings, etc.);

(c)     the identity of the participants and witnesses; and

(d)     the substantive information communicated.

K.     Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

L.     When responding to the following Subpoena please specify which documents are responsive to each request and, where appropriate, to each sub-part thereof.

M.     In the context of a document request or a response thereto, whenever necessary to bring within the scope of the request information that would otherwise be excluded therefrom, the singular shall mean plural, and the masculine gender shall mean the feminine, and vice versa.

N.     If you cannot answer any of the following requests in full after exercising due diligence, so state and answer the request to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

O.     Each Request not only calls for information known to you, but also calls for all information available to you through reasonable inquiry, including inquiry of respective representatives and agents.

3

P.      The relevant time period, unless otherwise stated, shall be from January 2016 to the present, and shall include all documents and information which relate in whole or in part to such period, or to events or circumstances during such period.

**DOCUMENT REQUESTS**

1.     Any and all documents regarding the sale of Rhong-Tiam or Rhong-Tiam Express restaurant located at 31 East 21st Street, New York, NY 10010 including:

    a.  Any agreement and bill of sale, asset purchase agreement, or agreement concerning any transaction between you or any of the Seller Corporations and the Buyer Corporation or Mr. Laonutwuttikul;

    b.  All documents reflecting the transfer of assets by you or any of the Seller Corporations to the Buyer Corporation or Mr. Laonutwuttikul;

    c.  All documents reflecting the transfer of equipment by you or any of the Seller Corporations to the Buyer Corporation or Mr. Laonutwuttikul;

    d.  All documents reflecting the assumption of liabilities by the Buyer Corporation or Mr. Laonutwuttikul;

    e.  All documents reflecting the purchase of machines or equipment by Buyer Corporation or Mr. Laonutwuttikul;

    f.  All emails and/or written correspondence between you or any of the Seller Corporations and the Buyer Corporation or Mr. Laonutwuttikul;

    g.  All emails and/or written correspondence reflecting oral communications between you or any of the Seller Corporations and the Buyer Corporation or Mr. Laonutwuttikul;

    h.  Any documents reflecting the surrender of the lease held by Express Thai One, Inc. or Lucky Thai Express Inc.;

    i.  All emails and/or written correspondence between you and any individuals employed at Rhong-Tiam or Rhong-Tiam Express

restaurant regarding the sale of the restaurant or change in ownership/management; and

    j.   All emails and/or written correspondence among Andy Yangeksakul, Karnchanart Sae Loo, and Macharvadee Premwongsiri regarding the sale.

2.    Any and all documents regarding the employees at Rhong-Tiam Express or Rhong-Tiam Express, including:

    a.   All documents reflecting the names of employees;

    b.   Any documents reflecting any inquiries made by the Buyer Corporation or Laonutwuttikul regarding any method of payment and/or payments made to the employees of Rhong-Tiam or Rhong-Tiam Express; and

    c.   Any records regarding pay by Rhong-Tiam or Rhong-Tiam Express to its employees.

3.    Any and all documents regarding the current revenue, expenses and assets of the Seller Corporations.

**F I S H E R  |  T A U B E N F E L D  LLP**

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 384-0258
Writer's email: michael@fishertaubenfeld.com

May 10, 2023

**VIA PERSONAL SERVICE**

Re*:* Rene v. 31 East 21 Express Inc. et al.
Case No.: 21-cv-7435 (JGK) (KHP)

Dear Ms. Sae Loo:

     We represent the Plaintiff in this action. Please see the attached subpoenas and associated rider requesting documents and testimony related to this case. The requested documents must be provided by May 30, 2023. Also, on May 30, we will procure testimony from you related to the claims in this lawsuit. For your convenience, we intend to take deposition via Zoom. Therefore, please contact us to coordinate the details of the deposition. Should May 30 not work for you for any reason, please let us know and provide us with some alternative dates when you could be available. Also, please inform us if you require an interpreter.

     Thank you for your attention to the above.

Sincerely,

*Michael Taubenfeld*

Michael Taubenfeld

1

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Southern District of New York

| | |
|---|---|
| CLAUDIO RENE CALLE | ) |
| *Plaintiff* | ) |
| v. | ) |
| 31 EAST 21 EXPRESS INC. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.    21-cv-07435-JGK-KHP

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                         KARNCHANART SAE LOO

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Fisher Taubenfeld LLP<br>          225 Broadway, Suite 1700<br>          New York, NY 10007 | Date and Time:<br><br>          05/30/2023 2:00 pm |
|---|---|

The deposition will be recorded by this method:    Stenographically

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attached Rider

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        05/10/2023

CLERK OF COURT

OR        *Michael Taubenfeld*

_____                    _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Claudio Rene Calle
_____ , who issues or requests this subpoena, are:

Michael Taubenfeld, Esq., Fisher Taubenfeld LLP, 225 Broadway, Suite 1700, New York, NY 10007,
michael@fishertaubenfeld.com, 212-384-0258.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 21-cv-07435-JGK-KHP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Pursuant to the Rule 45 subpoena issued on May 10, 2023, attached is the following rider:

## DEFINITIONS AND INSTRUCTIONS

A.      "Seller Corporation" means 31 East 21 Express, Inc., Best Thai on 8 Corp., RTC 18 Corp., 331 Lexington Restaurant Corp. (all d/b/a Rhong-Tiam Express), Express Thai One, Inc., Lucky Thai Express Inc., and Best Thai on Gramercy Inc.

B.      "Buyer Corporation" means Pun San Laan Inc.

C.      "Laonutwuttikul" means Thanaphan Laonutwuttikul.

A.      "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

B.      "Documents" include any designated documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.  This includes all documents for which privilege is claimed.  If copies, reproductions or facsimiles of a document are not identical by reason of handwritten notations, initials, identification marks or any other modification, each such non-identical copy is a separate document within the meaning of this definition.

C.      "Communication" is defined as the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

D.       "Date" means the exact day, month, and year, if ascertainable, or, if not, the best approximation thereof.

F.      "Concerning" means relating to, referring to, describing, evidencing or

1

constituting.

      G.      "And"/"Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all responses that might otherwise be construed to be outside of its scope.

      H.      "All"/"Any"/"Each" shall each be construed as encompassing any and all.

      I.      The use of the singular form of any word includes the plural and vice versa.

      J.      The term "identify" means:

      (i)      when used with respect to a <u>natural person</u>, to give, to the extent known:

      (a)      the person's full name;

      (b)      present or last known address; and

      (c)      present or last known place of employment.

      (ii)      when used with respect to a <u>business, legal or governmental entity or association</u>, to give, to the extent known:

      (a)      the business, legal or governmental entity or association's legal name;

      (b)      the location of the business, legal or governmental entity or association's principal place of operation and main telephone number; and

      (c)      the business, legal or governmental entity or association's owner(s).

      (iii)      when used with respect to a <u>document</u> as defined herein, to give, to the extent known:

      (a)      the type of document;

      (b)      general subject matter;

(c)   date of the document; and

(d)   author(s), addressee(s) and recipient(s).

(iv)   when used with reference to a <u>communication</u>, to state:

(a)   the date when and place where such communication occurred;

(b)   the means of communication (e.g., telephone, writings, correspondence, personal conversations, meetings, etc.);

(c)   the identity of the participants and witnesses; and

(d)   the substantive information communicated.

K.   Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

L.   When responding to the following Subpoena please specify which documents are responsive to each request and, where appropriate, to each sub-part thereof.

M.   In the context of a document request or a response thereto, whenever necessary to bring within the scope of the request information that would otherwise be excluded therefrom, the singular shall mean plural, and the masculine gender shall mean the feminine, and vice versa.

N.   If you cannot answer any of the following requests in full after exercising due diligence, so state and answer the request to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

O.   Each Request not only calls for information known to you, but also calls for all information available to you through reasonable inquiry, including inquiry of respective representatives and agents.

P.     The relevant time period, unless otherwise stated, shall be from January 2016 to the present, and shall include all documents and information which relate in whole or in part to such period, or to events or circumstances during such period.

## DOCUMENT REQUESTS

1.    Any and all documents regarding the sale of Rhong-Tiam or Rhong-Tiam Express restaurant located at 31 East 21st Street, New York, NY 10010 including:

      a.  Any agreement and bill of sale, asset purchase agreement, or agreement concerning any transaction between you or any of the Seller Corporations and the Buyer Corporation or Mr. Laonutwuttikul;

      b.  All documents reflecting the transfer of assets by you or any of the Seller Corporations to the Buyer Corporation or Mr. Laonutwuttikul;

      c.  All documents reflecting the transfer of equipment by you or any of the Seller Corporations to the Buyer Corporation or Mr. Laonutwuttikul;

      d.  All documents reflecting the assumption of liabilities by the Buyer Corporation or Mr. Laonutwuttikul;

      e.  All documents reflecting the purchase of machines or equipment by Buyer Corporation or Mr. Laonutwuttikul;

      f.  All emails and/or written correspondence between you or any of the Seller Corporations and the Buyer Corporation or Mr. Laonutwuttikul;

      g.  All emails and/or written correspondence reflecting oral communications between you or any of the Seller Corporations and the Buyer Corporation or Mr. Laonutwuttikul;

      h.  Any documents reflecting the surrender of the lease held by Express Thai One, Inc. or Lucky Thai Express Inc.;

      i.  All emails and/or written correspondence between you and any individuals employed at Rhong-Tiam or Rhong-Tiam Express

restaurant regarding the sale of the restaurant or change in ownership/management; and

j.   All emails and/or written correspondence among Andy Yangeksakul, Karnchanart Sae Loo, and Macharvadee Premwongsiri regarding the sale.

2.   Any and all documents regarding the employees at Rhong-Tiam Express or Rhong-Tiam Express, including:

a.   All documents reflecting the names of employees;

b.   Any documents reflecting any inquiries made by the Buyer Corporation or Laonutwuttikul regarding any method of payment and/or payments made to the employees of Rhong-Tiam or Rhong-Tiam Express; and

c.   Any records regarding pay by Rhong-Tiam or Rhong-Tiam Express to its employees.

3.   Any and all documents regarding the current revenue, expenses and assets of the Seller Corporations.

Exhibit 2

UNITED STATES DISTRICT COURT/SOUTHERN DISTRICT OF NEW YORK    Attorney:  FISHER TAUBENFELD LLP - 2507

CLAUDIO RENE CALLE

Plaintiff(s)

-against-

31 EAST 21 EXPRESS INC.

Defendant(s)

Index #: 21-CV-07435-JGK-KHP

Date Filed:

**AFFIDAVIT OF SERVICE**

Witness Fee Tendered: $50.00

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

ANDRE MEISEL BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK..

That on May 11, 2023 at 11:47 AM at

TAM SANG THAI KITCHEN
331 LEXINGTON AVENUE, CORNER STORE
NEW YORK, NY 10016

deponent served the within true copy/copies of the COVER LETTER, SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION on KARNCHANART SAE LOO, the witness/recipient therein named,

**SUITABLE AGE**    by delivering thereat a true copy/copies of each to MS. PREMWONGSIRI a person of suitable age and discretion. Said premises is the witness'/recipient's actual place of business within the state. She identified herself as the CO-WORKER of the witness/recipient.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|-----|-----------|-----------|---------------|------------------|-----------------|
| FEMALE | YELLOW | BLACK | 35 | 5'6 | 150 |

**MAILING**    Deponent enclosed a true copy/copies of same in a postpaid wrapper properly addressed to the witness/recipient at the witness'/recipient's actual place of business at

TAM SANG THAI KITCHEN
331 LEXINGTON AVENUE, CORNER STORE
NEW YORK, NY 10016

and deposited said wrapper in a post office or official depository under exclusive care and custody of the United States Postal Service within New York State on May 11, 2023 by REGULAR FIRST CLASS MAIL in an envelope marked PERSONAL & CONFIDENTIAL and not indicating on the outside envelope thereof, by return address or otherwise that the communication is from an attorney or concerns an action against the party to be served.

Sworn to me on:  May 12, 2023

Linda Forman
Notary Public, State of New York
No. 01FO5031305
Qualified in New York County
Commission Expires August 1, 2026

Robin Forman
Notary Public, State of New York
No. 01FO6125415
Qualified in New York County
Commission Expires April 18, 2025

Gotham Process Inc.
Lic. 1251720-DCA
299 Broadway
New York NY 10007

**ANDRE MEISEL**
License #: 1372356-DCA

Docket #:    *1255729*

UNITED STATES DISTRICT COURT/SOUTHERN DISTRICT OF NEW YORK    Attorney: FISHER TAUBENFELD LLP - 2507

CLAUDIO RENE CALLE

                                                    Plaintiff(s)

                                                              Index #: 21-CV-07435-JGK-KHP

                    -against-
                                                              Date Filed:

31 EAST 21 EXPRESS INC.

                                                    Defendant(s)    **AFFIDAVIT OF SERVICE**

                                                              Witness Fee Tendered: $50.00

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

ANDRE MEISEL BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS
ACTION AND OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on May 12, 2023 at 02:01 PM at

TAM SANG THAI KITCHEN
230 7TH AVENUE
NEW YORK, NY 10011

deponent served the within true copy/copies of the COVER LETTER, SUBPOENA TO TESTIFY AT A
DEPOSITION IN A CIVIL ACTION on MACHARVADEE PREMWONGSIRI, the witness/recipient therein
named,

**SUITABLE**  by delivering thereat a true copy/copies of each to MINT E. a person of suitable age and discretion. Said premises is
**AGE**  the witness/recipient's actual place of business within the state. She identified herself as the CO-WORKER of the
        witness/recipient.

        Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|-----|-----------|-----------|---------------|------------------|-----------------|
| FEMALE | YELLOW | BLACK | 30 | 5'6 | 150 |

**MAILING**  Deponent enclosed a true copy/copies of same in a postpaid wrapper properly addressed to the witness/recipient at the
          witness/recipient's actual place of business at

          TAM SANG THAI KITCHEN
          230 7TH AVENUE
          NEW YORK, NY 10011

          and deposited said wrapper in a post office or official depository under exclusive care and custody of the United States
          Postal Service within New York State on May 12, 2023 by REGULAR FIRST CLASS MAIL in an envelope marked
          PERSONAL & CONFIDENTIAL and not indicating on the outside envelope thereof, by return address or otherwise that the
          communication is from an attorney or concerns an action against the party to be served.

Sworn to me on:  May 15, 2023

Linda Forman                  Robin Forman                  Gotham Process Inc.        **ANDRE MEISEL**
Notary Public, State of New York   Notary Public, State of New York   Lic. 1251720-DCA           License #: 1372356-DCA
No. 01FO5031305               No. 01FO6125415               299 Broadway
Qualified in New York County   Qualified in New York County   New York NY 10007          Docket #:    *1255730*
Commission Expires August 1, 2026   Commission Expires April 18, 2025

# Exhibit 3

# FISHER | TAUBENFELD LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's e-mail: michael@fishertaubenfeld.com

May 25, 2023

**BY FEDEX GROUND**
Karnchanart Sae Loo
Tam Sang Thai Kitchen
331 Lexington Avenue, Corner Store
New York, NY 10016

### Re: Rene v. 31 East 21 Express Inc. et al. Case No.: 21-cv-7435 (JGK) (KHP)

Dear Ms. Sae Loo:

As you know, earlier this month, we served a subpoena upon you. Attached is a copy of the subpoena and an attached cover letter.

The subpoena requested that you produce certain documents on May 30 and also scheduled your testimony under oath on the same day. As indicated in the cover letter, we intend to take your deposition via Zoom and therefore need to communicate with you to work out the details of the document production and testimony. However, we have not heard from you, and our attempts to reach you by telephone have been unsuccessful. Therefore, please contact me ASAP at 212-571-0700 or 646-741-3490 or via email at michael@fishertaubenfeld.com. If you need to schedule your deposition on another date, please also let me know ASAP so that we can reschedule.

Very truly yours,

*Michael Taubenfeld*
Michael Taubenfeld

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| CLAUDIO RENE CALLE | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No.    21-cv-07435-JGK-KHP |
| 31 EAST 21 EXPRESS INC. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                          KARNCHANART SAE LOO

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:   Fisher Taubenfeld LLP<br>          225 Broadway, Suite 1700<br>          New York, NY 10007 | Date and Time:<br>          05/30/2023 2:00 pm |
|---|---|

The deposition will be recorded by this method:    Stenographically

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attached Rider

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/10/2023

            *CLERK OF COURT*

                                     OR     *Michael Taubenfeld*

                _Signature of Clerk or Deputy Clerk_                         _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Claudio Rene Calle
, who issues or requests this subpoena, are:

Michael Taubenfeld, Esq., Fisher Taubenfeld LLP, 225 Broadway, Suite 1700, New York, NY 10007, michael@fishertaubenfeld.com, 212-384-0258.

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   21-cv-07435-JGK-KHP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____        _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Pursuant to the Rule 45 subpoena issued on May 10, 2023, attached is the following rider:

## DEFINITIONS AND INSTRUCTIONS

A.      "Seller Corporation" means 31 East 21 Express, Inc., Best Thai on 8 Corp., RTC 18 Corp., 331 Lexington Restaurant Corp. (all d/b/a Rhong-Tiam Express), Express Thai One, Inc., Lucky Thai Express Inc., and Best Thai on Gramercy Inc.

B.      "Buyer Corporation" means Pun San Laan Inc.

C.      "Laonutwuttikul" means Thanaphan Laonutwuttikul.

A.      "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

B.      "Documents" include any designated documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.  This includes all documents for which privilege is claimed.  If copies, reproductions or facsimiles of a document are not identical by reason of handwritten notations, initials, identification marks or any other modification, each such non-identical copy is a separate document within the meaning of this definition.

C.      "Communication" is defined as the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

D.       "Date" means the exact day, month, and year, if ascertainable, or, if not, the best approximation thereof.

F.      "Concerning" means relating to, referring to, describing, evidencing or

1

constituting.

G.      "And"/"Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all responses that might otherwise be construed to be outside of its scope.

H.      "All"/"Any"/"Each" shall each be construed as encompassing any and all.

I.      The use of the singular form of any word includes the plural and vice versa.

J.      The term "identify" means:

    (i)      when used with respect to a <u>natural person</u>, to give, to the extent known:

        (a)      the person's full name;

        (b)      present or last known address; and

        (c)      present or last known place of employment.

    (ii)      when used with respect to a <u>business, legal or governmental entity or association</u>, to give, to the extent known:

        (a)      the business, legal or governmental entity or association's legal name;

        (b)      the location of the business, legal or governmental entity or association's principal place of operation and main telephone number; and

        (c)      the business, legal or governmental entity or association's owner(s).

    (iii)      when used with respect to a <u>document</u> as defined herein, to give, to the extent known:

        (a)      the type of document;

        (b)      general subject matter;

        (c)      date of the document; and

        (d)      author(s), addressee(s) and recipient(s).

    (iv)    when used with reference to a <u>communication</u>, to state:

        (a)      the date when and place where such communication occurred;

        (b)      the means of communication (e.g., telephone, writings, correspondence, personal conversations, meetings, etc.);

        (c)      the identity of the participants and witnesses; and

        (d)      the substantive information communicated.

K.      Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

L.      When responding to the following Subpoena please specify which documents are responsive to each request and, where appropriate, to each sub-part thereof.

M.      In the context of a document request or a response thereto, whenever necessary to bring within the scope of the request information that would otherwise be excluded therefrom, the singular shall mean plural, and the masculine gender shall mean the feminine, and vice versa.

N.      If you cannot answer any of the following requests in full after exercising due diligence, so state and answer the request to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

O.      Each Request not only calls for information known to you, but also calls for all information available to you through reasonable inquiry, including inquiry of respective representatives and agents.

3

P.    The relevant time period, unless otherwise stated, shall be from January 2016 to the present, and shall include all documents and information which relate in whole or in part to such period, or to events or circumstances during such period.

## DOCUMENT REQUESTS

1.    Any and all documents regarding the sale of Rhong-Tiam or Rhong-Tiam Express restaurant located at 31 East 21st Street, New York, NY 10010 including:

      a.    Any agreement and bill of sale, asset purchase agreement, or agreement concerning any transaction between you or any of the Seller Corporations and the Buyer Corporation or Mr. Laonutwuttikul;

      b.    All documents reflecting the transfer of assets by you or any of the Seller Corporations to the Buyer Corporation or Mr. Laonutwuttikul;

      c.    All documents reflecting the transfer of equipment by you or any of the Seller Corporations to the Buyer Corporation or Mr. Laonutwuttikul;

      d.    All documents reflecting the assumption of liabilities by the Buyer Corporation or Mr. Laonutwuttikul;

      e.    All documents reflecting the purchase of machines or equipment by Buyer Corporation or Mr. Laonutwuttikul;

      f.    All emails and/or written correspondence between you or any of the Seller Corporations and the Buyer Corporation or Mr. Laonutwuttikul;

      g.    All emails and/or written correspondence reflecting oral communications between you or any of the Seller Corporations and the Buyer Corporation or Mr. Laonutwuttikul;

      h.    Any documents reflecting the surrender of the lease held by Express Thai One, Inc. or Lucky Thai Express Inc.;

      i.    All emails and/or written correspondence between you and any individuals employed at Rhong-Tiam or Rhong-Tiam Express

5

restaurant regarding the sale of the restaurant or change in ownership/management; and

j.  All emails and/or written correspondence among Andy Yangeksakul, Karnchanart Sae Loo, and Macharvadee Premwongsiri regarding the sale.

2.  Any and all documents regarding the employees at Rhong-Tiam Express or Rhong-Tiam Express, including:

a.  All documents reflecting the names of employees;

b.  Any documents reflecting any inquiries made by the Buyer Corporation or Laonutwuttikul regarding any method of payment and/or payments made to the employees of Rhong-Tiam or Rhong-Tiam Express; and

c.  Any records regarding pay by Rhong-Tiam or Rhong-Tiam Express to its employees.

3.  Any and all documents regarding the current revenue, expenses and assets of the Seller Corporations.

**FedEx**        Shipment Receipt

## Address Information

**Ship to:**                    **Ship from:**

Karnchanart Sae Loo             Fisher Taubenfeld LLP

331 Lexington Avenue,           225 Broadway, Suite 1700
Corner Store

NEW YORK,  NY                   New York,  NY
10016                           10007
US                              US
4444444444                      2125710700

## Shipment Information:
Tracking no.: 772256172502
Ship date: 05/25/2023
Estimated shipping charges:  11.54 USD

## Package Information
Pricing option: FedEx Standard Rate
Service type: FedEx Ground
Package type: Your Packaging
Number of packages: 1
Total weight: 1   LBS
Declared Value: 0.00  USD
Special Services:
Pickup/Drop-off: Drop off package at FedEx location

## Billing Information:
Bill transportation to: FT-820
Your reference:  KSLLetter
P.O. no.:
Invoice no.:
Department no.:

**Thank you for shipping online with FedEx ShipManager at fedex.com.**

### Please Note

FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1000, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits; Consult the applicable FedEx Service Guide for details.
The estimated shipping charge may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.

# FISHER | TAUBENFELD LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's e-mail: michael@fishertaubenfeld.com

May 25, 2023

**BY FEDEX GROUND**
Macharvadee Prewongsiri
Tam Sang Thai Kitchen
230 7th Avenue
New York, NY 10011

### <u>Re: Rene v. 31 East 21 Express Inc. et al. Case No.: 21-cv-7435 (JGK) (KHP)</u>

Dear Ms. Premwongsiri:

As you know, earlier this month, we served a subpoena upon you. Attached is a copy of the subpoena and an attached cover letter.

The subpoena requested that you produce certain documents on May 30 and also scheduled your testimony under oath on the same day. As indicated in the cover letter, we intend to take your deposition via Zoom and therefore need to communicate with you to work out the details of the document production and testimony. However, we have not heard from you, and our attempts to reach you by telephone have been unsuccessful. Therefore, please contact me ASAP at 212-571-0700 or 646-741-3490 or via email at michael@fishertaubenfeld.com. If you need to schedule your deposition on another date, please also let me know ASAP so that we can reschedule.

Very truly yours,

*Michael Taubenfeld*
Michael Taubenfeld

Encl.

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| CLAUDIO RENE CALLE | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 21-cv-07435-JGK-KHP |
| 31 EAST 21 EXPRESS INC. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                        MACHARVADEE PREMWONGSIRI

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Fisher Taubenfeld LLP<br>225 Broadway, Suite 1700<br>New York, NY 10007 | Date and Time:<br><br>05/30/2023 10:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographically

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attached Rider

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/10/2023

CLERK OF COURT

                                                                OR     *Michael Taubenfeld*

_____                    _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Claudio Rene Calle
_____ , who issues or requests this subpoena, are:

Michael Taubenfeld, Esq., Fisher Taubenfeld LLP, 225 Broadway, Suite 1700, New York, NY 10007,
michael@fishertaubenfeld.com, 212-384-0258.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. **21-cv-07435-JGK-KHP**

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ **0.00** .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Pursuant to the Rule 45 subpoena issued on May 10, 2023, attached is the following rider:

## DEFINITIONS AND INSTRUCTIONS

A.       "Seller Corporation" means 31 East 21 Express, Inc., Best Thai on 8 Corp., RTC 18 Corp., 331 Lexington Restaurant Corp. (all d/b/a Rhong-Tiam Express), Express Thai One, Inc., Lucky Thai Express Inc., and Best Thai on Gramercy Inc.

B.       "Buyer Corporation" means Pun San Laan Inc.

C.       "Laonutwuttikul" means Thanaphan Laonutwuttikul.

A.       "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

B.       "Documents" include any designated documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.  This includes all documents for which privilege is claimed.  If copies, reproductions or facsimiles of a document are not identical by reason of handwritten notations, initials, identification marks or any other modification, each such non-identical copy is a separate document within the meaning of this definition.

C.       "Communication" is defined as the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

D.        "Date" means the exact day, month, and year, if ascertainable, or, if not, the best approximation thereof.

F.       "Concerning" means relating to, referring to, describing, evidencing or

1

constituting.

G.      "And"/"Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all responses that might otherwise be construed to be outside of its scope.

H.      "All"/"Any"/"Each" shall each be construed as encompassing any and all.

I.      The use of the singular form of any word includes the plural and vice versa.

J.      The term "identify" means:

(i)      when used with respect to a <u>natural person</u>, to give, to the extent known:

(a)      the person's full name;

(b)      present or last known address; and

(c)      present or last known place of employment.

(ii)      when used with respect to a <u>business, legal or governmental entity or association</u>, to give, to the extent known:

(a)      the business, legal or governmental entity or association's legal name;

(b)      the location of the business, legal or governmental entity or association's principal place of operation and main telephone number; and

(c)      the business, legal or governmental entity or association's owner(s).

(iii)      when used with respect to a <u>document</u> as defined herein, to give, to the extent known:

(a)      the type of document;

(b)      general subject matter;

2

(c)     date of the document; and

(d)     author(s), addressee(s) and recipient(s).

(iv)     when used with reference to a <u>communication</u>, to state:

(a)     the date when and place where such communication occurred;

(b)     the means of communication (e.g., telephone, writings, correspondence, personal conversations, meetings, etc.);

(c)     the identity of the participants and witnesses; and

(d)     the substantive information communicated.

K.      Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

L.      When responding to the following Subpoena please specify which documents are responsive to each request and, where appropriate, to each sub-part thereof.

M.      In the context of a document request or a response thereto, whenever necessary to bring within the scope of the request information that would otherwise be excluded therefrom, the singular shall mean plural, and the masculine gender shall mean the feminine, and vice versa.

N.      If you cannot answer any of the following requests in full after exercising due diligence, so state and answer the request to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

O.      Each Request not only calls for information known to you, but also calls for all information available to you through reasonable inquiry, including inquiry of respective representatives and agents.

3

P.      The relevant time period, unless otherwise stated, shall be from January 2016 to the present, and shall include all documents and information which relate in whole or in part to such period, or to events or circumstances during such period.

## DOCUMENT REQUESTS

1.    Any and all documents regarding the sale of Rhong-Tiam or Rhong-Tiam Express restaurant located at 31 East 21st Street, New York, NY 10010 including:

    a.  Any agreement and bill of sale, asset purchase agreement, or agreement concerning any transaction between you or any of the Seller Corporations and the Buyer Corporation or Mr. Laonutwuttikul;

    b.  All documents reflecting the transfer of assets by you or any of the Seller Corporations to the Buyer Corporation or Mr. Laonutwuttikul;

    c.  All documents reflecting the transfer of equipment by you or any of the Seller Corporations to the Buyer Corporation or Mr. Laonutwuttikul;

    d.  All documents reflecting the assumption of liabilities by the Buyer Corporation or Mr. Laonutwuttikul;

    e.  All documents reflecting the purchase of machines or equipment by Buyer Corporation or Mr. Laonutwuttikul;

    f.  All emails and/or written correspondence between you or any of the Seller Corporations and the Buyer Corporation or Mr. Laonutwuttikul;

    g.  All emails and/or written correspondence reflecting oral communications between you or any of the Seller Corporations and the Buyer Corporation or Mr. Laonutwuttikul;

    h.  Any documents reflecting the surrender of the lease held by Express Thai One, Inc. or Lucky Thai Express Inc.;

    i.  All emails and/or written correspondence between you and any individuals employed at Rhong-Tiam or Rhong-Tiam Express

restaurant regarding the sale of the restaurant or change in ownership/management; and

j. All emails and/or written correspondence among Andy Yangeksakul, Karnchanart Sae Loo, and Macharvadee Premwongsiri regarding the sale.

2. Any and all documents regarding the employees at Rhong-Tiam Express or Rhong-Tiam Express, including:

a. All documents reflecting the names of employees;

b. Any documents reflecting any inquiries made by the Buyer Corporation or Laonutwuttikul regarding any method of payment and/or payments made to the employees of Rhong-Tiam or Rhong-Tiam Express; and

c. Any records regarding pay by Rhong-Tiam or Rhong-Tiam Express to its employees.

3. Any and all documents regarding the current revenue, expenses and assets of the Seller Corporations.

 Shipment Receipt

## Address Information

**Ship to:**
Macharvadee Prewongsiri

230 7th Avenue

NEW YORK, NY
10011
US
4444444444

**Ship from:**
Fisher Taubenfeld LLP

225 Broadway, Suite 1700

New York, NY
10007
US
2125710700

**Shipment Information:**
Tracking no.: 772256138091
Ship date: 05/25/2023
Estimated shipping charges: 11.54 USD

**Package Information**
Pricing option: FedEx Standard Rate
Service type: FedEx Ground
Package type: Your Packaging
Number of packages: 1
Total weight: 1 LBS
Declared Value: 0.00 USD
Special Services:
Pickup/Drop-off: Drop off package at FedEx location

**Billing Information:**
Bill transportation to: FT-820
Your reference: MPLetter
P.O. no.:
Invoice no.:
Department no.:

**Thank you for shipping online with FedEx ShipManager at fedex.com.**

### Please Note

FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1000, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits; Consult the applicable FedEx Service Guide for details.
The estimated shipping charge may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.

Exhibit 4



**#** **929-235-3782** 

---

Wednesday, May 24, 5:53 pm

 **Placed Call**

---

Thursday, May 25, 1:45 pm

Dear Ms. Sae Loo, as you know, earlier this month, we served a subpoena upon you. The subpoena requested that you produce certain documents on May 30 and also scheduled your testimony under oath on the same day. As indicated in the cover letter, we intend to take your deposition via Zoom and therefore need to communicate with you to work out the details of the document production and testimony. However, we have not heard from you, and our attempts to reach you by telephone have been unsuccess…

Full Message

Sent

---

Type message

 |||  ◯ ‹

< # **347-824-3797** 📞 ⋮

Thursday, May 25, 1:44 pm

Dear Ms. Premwongsiri, as you know, earlier this month, we served a subpoena upon you. The subpoena requested that you produce certain documents on May 30 and also scheduled your testimony under oath on the same day. As indicated in the cover letter, we intend to take your deposition via Zoom and therefore need to communicate with you to work out the details of the document production and testimony. However, we have not heard from you, and our attempts to reach you by telephone have been …

Full Message

Delivered

Type message ➤