**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
CLAUDIO RENE CALLE, *individually and on behalf*
*of others similarly situated,*

                                               Plaintiff,

                           -against-

31 EAST 21 EXPRESS INC., ET AL.,

                                     Defendants.
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/23/2026

**21-CV-7435 (JGK) (KHP)**

**REPORT AND RECOMMENDATION**
**ON**
**DAMAGES INQUEST**

TO: THE HONORABLE JOHN G. KOELTL, UNITED STATES DISTRICT JUDGE
FROM: THE HONORABLE KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE

      Plaintiff is a former employee of 31 East 21 Express Inc., Best Thai On 8 Corp., RTC 18 Corp., 331 Lexington Restaurant Corp., Express Thai One, Inc., Lucky Thai Express Inc., Best Thai On Gramercy Inc., and Macharvadee Premwongsiri (collectively, the "Defaulting Defendants"). Plaintiff asserts claims under the Fair Labor Standards Act (the "FLSA") 29 U.S.C. § 203(d) *et seq.,* as well as pendent state claims under the New York Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), for unpaid overtime wages under 29 U.S.C. § 207 and 12 NYCRR 146-1.4, failure to comply with NYLL §195, and failure to provide spread-of-hours payment under 12 NYCRR 146-1.6.  He seeks an award of unpaid overtime wages in the amount of $172,260.00, statutory damages pursuant to NYLL in the amount of $5,000.00, unpaid spread of hours damages in the amount of $12,082.50,  liquidated damages for unpaid overtime and spread of hours wages in the amount of $184,342.50, daily prejudgment interest in the amount of $45.45 from February 27, 2017 until the present, and post-judgment interest.  Plaintiff does not request statutory fees and costs.  After entry of default against the Defaulting Defendants, the

Honorable John G. Koeltl referred this action to the undersigned for a report and recommendation on damages. The Defaulting Defendants did not file an opposition to the Plaintiff's Motion for a Default Judgment, nor did they appear at any point in this action.  After review of the submissions, I respectfully recommend that Plaintiff be awarded damages as set forth in detail below.

BACKGROUND

### 1. Factual Background[1]

Plaintiff was employed by the Defaulting Defendants as a cook at a restaurant under the names Rhong-Tiam and Rhong-Tiam Express (the "Restaurant") from approximately 2010 to 2019.  (SAC, at ¶¶ 16, 63)  The Defaulting Defendants owned and operated the Restaurant until it was sold at the end of March 2019. (SAC, at ¶¶ 16, 21)  At the beginning of his employment, Plaintiff's work was overseen by both Andy Yangeksaul and Macharvadee Premwongsiri.  (Calle Decl., at ¶ 6)  Yangeksaul left the restaurant in 2015, after which Premwongsiri became Plaintiff's sole supervisor, responsible for setting his schedule and overseeing his work. (*Id.*, at ¶ 7)  While employed by the Defaulting Defendants, Plaintiff regularly worked over 40 hours per week.  (SAC, at ¶ 81)  Specifically, Plaintiff worked 6-days per week from 10:00 a.m. to 10:00 p.m. (totaling 72 hours per week from 2010 until the end of 2015) and then worked 5-days per week from 11:00 a.m. to 10:00 p.m. (totaling 66 hours per week from 2015 until March 2019). (Calle Decl., at ¶ 10)  The Defaulting Defendants failed to pay him overtime wages at one-and-a-

---

[1] The facts are taken primarily from the Second Amended Complaint (ECF No. 107, "SAC") and declarations submitted by Plaintiff (ECF No. 224, ("Calle Decl.")) and his attorney (ECF No. 223 ("Taubenfeld Decl.")).

half times his regular rate and instead paid him a flat weekly salary of $700 until 2015 and increased to $800 at the beginning of 2016. (SAC, at ¶¶ 63-75; Calle Decl., at ¶ 16).

Plaintiff alleges that Defendants intentionally and willfully failed to comply with the wage laws and did not provide required wage notices and statements, resulting in him not being aware of his rights and being underpaid.  (SAC, at ¶¶ 82-85)

### 2.  Procedural Background

Plaintiff filed his original complaint on September 3, 2021 (ECF No. 1), which was amended on July 25, 2022 (ECF No. 49), and again on March 20, 2023.  (ECF No. 107)  In February 2024, Plaintiff settled his claims with some Defendants but not with the Defaulting Defendants.  (ECF 195-1)  He properly served all the Defaulting Defendants, but they failed to appear.  (ECF No. 163-2)  On July 28, 2023, the Clerk of Court issued Certificates of Default as to each of the Defaulting Defendants.  (ECF No. 150-156, 159, 161)  On August 17, 2023, the Court issued an Order directing the Defaulting Defendants to show cause, in writing, by September 6, 2023 as to why a default judgment should not be entered against them.  (ECF No. 168)  The Defaulting Defendants failed to respond to the Order or otherwise appear in thus action.  On June 27, 2024, the Honorable John G. Koeltl granted Plaintiff's Motion for Default Judgment as to liability against the Defaulting Defendants (ECF No. 201) and issued an Order of Reference for an Inquest after Default/Damages Hearing.  (ECF No. 202)

### LEGAL STANDARD

Rule 55 governs judgments against a party that has failed to plead or otherwise defend itself in an action. *See Gesualdi v. Reid*, 198 F. Supp. 3d 211, 217 (E.D.N.Y. 2016).  Rule 55 requires the Clerk of the Court, upon notification from the moving party, to note the default of

the party failing to defend. *Priestley v. Headminder, Inc.*, 647 F.3d 497, 505 (2d Cir. 2011) (citing

Fed. R. Civ. P. 55(a)). Once the Clerk issues a certificate of default, the moving party may apply

for entry of default judgment, pursuant to Rule 55(b). *Id*.

Here, Plaintiff has satisfied the two-step procedural requirement of Rule 55 by

submitting a request for both entry of default following the issuance of the clerk's certification

and the Court issuing an Order to show cause. (ECF Nos. 162, 168) Additionally, on June 13,

2025, Judge Koeltl granted the default judgment motion. (ECF No. 201)

In determining whether to grant a motion for default judgment, courts within this

District consider three factors: "(1) whether the defendant's default was willful; (2) whether

defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the

nondefaulting party would suffer as a result of the denial of the motion for default judgment."

*Indymac Bank, F.S.B. v. National Settlement Agency, Inc.*, No. 07 Civ. 6865 (LTS) (GWG), 2007

WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (internal citation omitted); *see also Guggenheim*

*Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013) (applying these factors in review of

lower court's grant of a default judgment).

Here, all three of the foregoing factors weigh in Plaintiff's favor. First, the Defaulting

Defendants' failure to make an appearance and respond to either Plaintiff's properly served

complaint or motion for default judgment are indicative of willful conduct. *See Harleysville Ins.*

*Co. v. Certified Testing Lab'ys Inc.*, 681 F. Supp. 3d 155, 164 (S.D.N.Y. 2023) (finding that the

defendants' default was willful because they did not appear in the action, respond to the

complaint or address the motion for default judgment); *Indymac Bank, F.S.B.*, 2007 WL

4468652, at *1 (holding that non-appearance and failure to respond to a complaint or motion

4

for default judgment indicate willful conduct); Fed. R. Civ. P. 4(e)(1), (h)(1) (providing that a summons and complaint may be served on a corporation "pursuant to the law of the State" in which the District Court is located); N.Y. Bus. Corp. Law § 306(b)(1) ("Service of process on such corporation shall be complete when the secretary of state is so served.").  Second, there is no information before the Court regarding any meritorious defenses to Plaintiff's claims because Defendants have failed to make any appearance and therefore have not provided any information to this Court.  *See Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, at 31 (E.D.N.Y. 2015) (reasoning that a meritorious defense cannot be established where the defendant has not filed an answer, made an appearance, and responded to the claims in the case).  Third, Plaintiff will be prejudiced if denied the ability to seek judgment by default because there are no alternative avenues for legal redress.  *See World Gold Tr. Servs., LLC v. GoldCoin Devs. Grp. LP*, No. 20 Civ. 4667 (JGK), 2021 WL 4134681, at *2 (S.D.N.Y. Sept. 10, 2021) (finding that the plaintiff would be prejudiced if denied the ability to seek judgment because the plaintiff had no alternative legal redress to obtain damages or injunctive relief); *Fermin*, 93 F. Supp. 3d, at 31 (same).

On a default judgment motion, a defendant is deemed to have admitted all of the well pleaded factual allegations contained in the complaint. Fed. R. Civ. P. 8(b)(6); *S.E.C. v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).  However, "because a party in default does not admit conclusions of law," it is incumbent upon the Court to consider whether the plaintiff has pleaded facts sufficient to establish the defendant's liability with respect to each cause of action.  *Zhen Ming Chen v. Y Café Ave B Inc.*, No. 18 Civ. 4193 (JPO), 2019 WL 2324567, at *1

(S.D.N.Y. May 30, 2019).  When determining liability from default, the non-defaulting party is entitled to all reasonable inferences from the evidence offered.  *See Mun. Credit Union v. Queens Auto Mall, Inc*., 126 F. Supp. 3d 290 (E.D.N.Y. 2015).

"Once liability is established, the sole remaining issue before the court is whether the plaintiff has provided adequate support for the relief it seeks*."  Bleecker v. Zetian Sys., Inc*., No. 12 Civ. 2151 (DLC), 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc*., 109 F.3d 105, 111 (2d Cir. 1997)).  "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."  *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (internal citations omitted).

"Establishing the appropriate amount of damages involves two steps: (1) 'determining the proper rule for calculating damages on . . . a claim'; and (2) 'assessing plaintiff's evidence supporting the damages to be determined under this rule.'" *Begum v. Ariba Disc., Inc*., No. 12 Civ. 6620 (DLC), 2015 WL 223780, at *4 (S.D.N.Y. Jan. 16, 2015) (alteration in original) (quoting *Credit Lyonnais*, 183 F.3d at 155).

## DISCUSSION

### 1. Jurisdiction and Venue

The Court has both subject matter jurisdiction over this case and personal jurisdiction over the Defaulting Defendants.  Federal subject matter jurisdiction exists over Plaintiff's claim pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) based on a claim arising under the

FLSA and supplemental jurisdiction over the related state law claims as they are derived from a "common nucleus of operative fact." 28 U.S.C. § 1367(a); *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 31 (2025). Additionally, the Court has personal jurisdiction over the Defaulting Defendants insofar as they are alleged to reside in and/or to do business in New York. (SAC., at ¶¶ 4-7, 11). This makes them "amenable to general personal jurisdiction throughout the state under New York law." *Reilly v. Plot Commerce*, No. 15 Civ. 5118 (PAE) (BCM), 2016 WL 6837895, at *3 (S.D.N.Y. Oct. 31, 2016); *see also Magdalena v. Lins*, 999 N.Y.S.2d 44, 45 (1st Dep't 2014).

Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2), because each Defendant resides in the State of New York and "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial district. *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) (noting a corporation is "'essentially at home' . . . where it has its principal place of business").

### 2. Liability Under the FLSA and the NYLL

The FLSA was enacted by Congress to "protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." *Barrentine v. Arkansas-Best Freight Sys. Inc.,* 450 U.S. 728, 739 (1981) (cleaned up) (quoting 29 U.S.C. § 202(a)). To establish a claim under the FLSA, a plaintiff must show that: (1) he or she was an "employee" of the defendants, as defined by the statute; (2) that the defendants were employers engaged in commerce; and (3) that the employment relationship was not exempt from the FLSA. *See Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90-97 (2d Cir.

2013) (plaintiff alleged facts about employment status and duties to satisfy FLSA claim); *see also Fermin*, 93 F. Supp. 3d at 31-32 (analyzing these three elements).

Section 206 of the FLSA sets forth the minimum hourly wage that employers must pay their employees.  29 U.S.C. § 206(a)(1)(C).  Section 207 specifies that an employer must pay employees who work more than forty hours during a workweek for the excess hours "at a rate not less than one and one-half times the regular rate at which [they are] employed." 29 U.S.C. § 207(a)(1).  There is a presumption that an employee is entitled to overtime; an employer bears the burden of proving that an employee is exempt from overtime.  *See* 29 USC § 207(a)(1); *Bilyou v. Dutchess Beer Distributors, Inc.,* 300 F.3d 217, 222 (2d Cir. 2002) (recognizing that exempt status under the FLSA is an affirmative defense).  Employers who violate the FLSA's minimum wage and overtime provisions are liable for the amount of unpaid wages and an additional equal amount as liquidated damages. 29 USC § 216(b).

The NYLL is the New York state analog to the federal FLSA.  Although the Labor Law "does not require a plaintiff to show either a nexus with interstate commerce or that the employer has any minimum amount of sales," it otherwise mirrors the FLSA in compensation provisions regarding minimum hourly wages and overtime. *Herrera v. Tri-State Kitchen and Bath, Inc.*, No. 14 Civ. 1695 (ARR) (MDG), 2015 WL 1529653, at *4 (E.D.N.Y. March 31, 2015). The NYLL also expressly provides that employees are entitled to recover all unpaid wages and liquidated damages at a rate of 100 percent of the wages due.  *See* N.Y. Lab. Law § 198(1-a); *Chun Jie Yin v. Kim*, No. 07 Civ. 1236 (DLI) (JO), 2008 WL 906736, at *6-7 (E.D.N.Y. April 1, 2008); *Jowers v. DME Interactive Holdings, Inc.,* No. 00 Civ. 4753 (LTS) (KNF), 2006 WL 1408671, at *9-14 (S.D.N.Y. May 22, 2006).

Here, Plaintiff has alleged that the Defaulting Defendants were his employers and he was their employee. (SAC, at ¶ 16; Calle Decl., at ¶ 2) Courts in this Circuit consider four factors when assessing whether an alleged employment relationship exists, including "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 142 (2d Cir. 2008). Plaintiff has asserted that the Defaulting Defendants hired, supervised and controlled his work, schedule, and pay. (SAC, at ¶ 47; Calle Decl., at ¶ 5) Through the foregoing Plaintiff has established himself as an employee and the Defaulting Defendants as employers within the meaning of the FLSA. *See Rahman v. Red Chili Indian Cafe, Inc.*, No. 17 Civ. 5156 (RA), 2021 WL 2003111, at *2 (S.D.N.Y. May 19, 2021) (in default judgment context, finding allegations in complaint that restaurant and its owner had the power to hire and fire employees and set wages was sufficient to establish that both the entity and its owners were employers under the FLSA); *see also* 29 U.S.C. § 203(d, e); NYLL 190(2, 3); *Irizarry v. Catsimatidis,* 722 F.3d 99, 104-11 (2d Cir. 2013) (An "employer" may include an individual owner who exercises sufficient operational control over employees).

Under the FLSA, Plaintiff must establish that he or his employer was engaged in interstate commerce. To wit, Plaintiff also pleaded that each corporate Defendant has been a business engaged in interstate commerce employing more than two employees and earned over $500,000 in revenues per annum, thereby meeting the statutory threshold for coverage within the meaning of the FLSA. 29 USC § 203(s)(1)(A)(i)-(ii). (SAC, at ¶ 8) Additionally, the SAC asserts that Defendants directly engaged in commerce by, for example, producing goods for

9

commerce.  (*Id.*, at ¶ 9)  This is sufficient to demonstrate that Defendants were engaged in commerce.  *See Rahman*, 2021 WL 2003111 at *2 (plaintiffs adequately alleged that defendants were engaged in commerce where the complaint asserted that defendants "engaged in interstate commerce" and that the defendant cafe had annual gross sales of "not less than $500,000."); *Fermin*, 93 F. Supp. 3d at 33.

The FLSA exempts certain employees from minimum wage and overtime wage protections; however, general laborers carrying out work such as delivery, cooking, dishwashing and food preparation generally are not exempt.  *See, e.g., Solis v. SCA Rest. Corp.*, 938 F. Supp. 2d 380, 398 (E.D.N.Y. 2013) (finding that chef was not exempt from overtime eligibility); *Fermin*, 93 F. Supp. 3d at 32-33 (the plaintiffs' respective jobs as kitchen helper/food preparer, and cook all constitute non-exempt employment under the FLSA); *Genxiang Zhang v. Hiro Sushi at Ollie's Inc.,* No. 17 Civ. 7066 (DF), 2019 WL 699179, at *11 (S.D.N.Y. Feb. 5, 2019) (delivery workers are not exempt employees).  Given the presumption that an employee is entitled to overtime and the Defaulting Defendants' failure to appear and meet their burden that Plaintiff falls under a specific exemption, Plaintiff has satisfied his entitlement to unpaid wages, including overtime, under the FLSA.

Because the analysis under New York law is the same, Plaintiff's satisfaction of his burden to sufficiently establish his FLSA claims necessarily demonstrate the Defaulting Defendants' exposure to liability under the NYLL.  *Debejian v. Atl. Testing Labs., Ltd.,* 64 F. Supp. 2d 85, 87, n. 1 (N.D.N.Y. 1999) (finding NYLL provisions "substantially similar to the federal scheme" such that its analysis of federal law would apply equally to claims brought under the FLSA and NYLL).

Importantly, claims brought under the FLSA and the NYLL are subject to different statutes of limitations.  Under the FLSA, claims are subject to a two-year statute of limitations if the violation is not willful and a three-year statute of limitations if the violation is willful.  *See Pineda v. Masonry Const. Inc.*, 831 F. Supp. 2d 666, 674 (S.D.N.Y. 2011) (citing 29 U.S.C. § 255(a)).  When defendants are in default, the Court may accept the plaintiff's allegation that the defendants' violation was willful, such that a three-year statute of limitations would apply in this case.  *See Angamarca v. Pita Grill 7 Inc.*, No. 11 Civ. 7777(JGK) (JLC), 2012 WL 3578781, at *4 (S.D.N.Y. Aug. 2, 2012) (accepting plaintiff's allegation of defendants' willful violation where defendants defaulted).  Claims brought pursuant to the NYLL are subject to a six-year statute of limitations.  *See Byer v. Periodontal Health Specialists of Rochester, PLLC,* 20-1751 Civ., 2021 WL 3276725, at *2 (2d Cir. 2021); N.Y. Lab. Law §§ 198(3), 663(3).  In this case, the state statute of limitations is the relevant one, as the bulk of Plaintiff's claims arose more than three years before the filing of his complaint. *See, e.g., Elisama v. Ghzali Gourmet Deli Inc.*, No. 14 Civ. 8333 (PGG) (DF), 2016 WL 11523365, at *11 (S.D.N.Y. Nov. 7, 2016) (applying NYLL's six-year statute of limitations because it provided the greatest measure of relief), *report and recommendation adopted,* No. 14 Civ. 8333 (PGG) (DF), 2018 WL 4908106 (S.D.N.Y. Oct. 10, 2018); *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 515-16 (S.D.N.Y. 2017) (same).  Accordingly, I respectfully recommend that Plaintiff be awarded damages under the NYLL and willfulness need not be ascertained for the FLSA.  *See Lopez v. Emerald Staffing, Inc.*, No. 18 Civ. 2788 (SLC), 2020 WL 915821, at *6 (S.D.N.Y. Feb. 26, 2020) (finding that where the plaintiffs would be provided equal or greater relief under the NYLL's 6-year statute of limitations than under

11

either the 2-year non-willful or 3-year willful FLSA statute of limitations, the Court will award damages under the NYLL).

Here, the complaint was filed on September 3, 2021. Upon first glance, this means damages are available for the six-year period preceding the filing of the complaint; that is, from September 3, 2015 to the last date of Plaintiff's employment with the Defaulting Defendants on March 31, 2019. However, Plaintiff's damages computation starts on January 28, 2015. (ECF No. 223-3) Plaintiff argues that due to COVID-19, Governor Cuomo's Executive Order No. 202.8 and subsequent orders tolled the statute of limitations for 228 days, from March 20, 2020 until November 3, 2021, for state law claims, including those under the NYLL. Courts in this Circuit have regularly applied this tolling directive to federal cases involving state-law statutes of limitation. *See e.g.*, *Marquez v. Indian Taj, Inc.*, No. 20 Civ. 5855 (DG) (RML), 2022 WL 4485948, at *2 (E.D.N.Y. Aug. 5, 2022) (collecting cases). Thus, when adjusting the limitations period to accommodate for tolling, *i.e.* subtracting 228 days from September 1, 2015, the damages computation may begin as early as January 18, 2015. In other words Plaintiff may recover under the NYLL for claims that occurred on or after January 18, 2015. Because Plaintiff's damages calculation begins ten days later, on January 28, 2015, the damages calculation falls squarely within the limitations period.

And, insofar as the Defaulting Defendants did not keep or produce records, Plaintiff, who bears the burden of showing that he was not properly compensated for the hours he worked, may prove his hours by submitting a declaration and/or testifying, which he has done. *See Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 364-65 (2d Cir. 2011).; *Grochowski v. Phoenix Const.*, 318 F.3d 80, 87 (2d Cir. 2003); *see also Pineda v. Masonry Const. Inc.*, 831 F. Supp. 2d

666, 674 (S.D.N.Y 2011).; *Elisama,* 2016 WL 11523365, at *4 (quoting *Santillan v. Henao*, 822 F. Supp. 2d 284, 294 (E.D.N.Y. 2011)).

A.  Overtime Wages

The NYLL requires employers to compensate their employees at 1.5 times their regular hourly rate for every hour worked over forty hours per week.  *See* 29 U.S.C. § 207(a)(1); 12 N.Y. Comp. Codes R. & Regs. § 142–2.2; *Shanfa Li v. Chinatown Take-Out Inc.,* 812 Fed. Appx. 49, 52 (2d Cir. 2020).  An employer who fails to pay overtime compensation under the NYLL "shall be liable to the employee or employees affected in the amount of their … unpaid overtime compensation … and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); *see also* N.Y. Lab. Law § 663(1).  Under the New York Hospitality Industry Wage Order, since January 1, 2011, the regular rate for a restaurant employee who is not paid on an hourly basis is determined by "dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of 40 hours or the actual number of hours worked by that employee during the work week." 12 NYCRR § 146-3.5 (2013).  If a plaintiff's regular hourly rate fell below the minimum wage, that plaintiff is entitled to overtime damages equal to one and one-half times the minimum wage rate.  *See Rosendo v. Everbrighten Inc.*, No. 13 Civ. 7256 (JGK) (FM), 2015 WL 1600057 *4 (S.D.N.Y. 2015).

From January 1, 2015, to December 31, 2015, the New York minimum hourly wage was $8.75.  N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2; N.Y. Lab. Law § 652 (McKinney).  Plaintiff was paid a weekly salary of $700 for an effective hourly rate of $17.50 per week.  1.5 times that is $26.25 making that his overtime rate.   From January 1, 2016, to December 31, 2016, the New York minimum hourly wage was $9.  *Id.*  Plaintiff was paid a weekly salary of $800 for an

effective hourly rate of $20.00 and an overtime rate of $30.00.  From November 16, 2016, to December 31, 2016, the New York minimum hourly wage was $9.  *Id.*  Plaintiff was paid a weekly salary of $800 for an effective hourly rate of $20.00 and an overtime rate of $30.00.  From January 1, 2017, to December 31, 2017, the New York minimum hourly wage was $11.  *Id.*  Plaintiff was paid a weekly salary of $800 for an effective hourly rate of $20.00 and an overtime rate of $30.00.  From January 1, 2018, to December 31, 2018, the New York minimum hourly wage was $13.  *Id.*  Plaintiff was paid a weekly salary of $800 for an effective hourly rate of $20.00 and an overtime rate of $30.00.  From January 1, 2019, to December 31, 2019, the New York minimum hourly wage was $15.  *Id.*  Plaintiff was paid a weekly salary of $800 for an effective hourly rate of $20.00 and an overtime rate of $30.00.

Plaintiff declares that he did not receive additional pay for hours worked over 40 in a week throughout his employment with the Defaulting Defendants.  Specifically, he declares that he worked 72 hours every week in 2015 and 66 hours every week from 2016 through 2019. (Calle Decl., at ¶ 10)  Simply put, he declares that he is entitled to 32 hours per week of overtime payment in 2015, and 26 hours per week of overtime payment from 2016 to 2019.  He further declares that he worked a total of 48.14 weeks in 2015, 52 weeks in 2016, 52 weeks in 2017, 52 weeks in 2018, and 13 weeks in 2019.  Because Plaintiff's pay changed over time, the computation of Plaintiff's damages requires a year-by-year computation, with each yearly period beginning on December 31 of the previous year.  Similarly, the overtime computation calculates only periods of employment within the six-year statute of limitations and excludes any employment prior to January 18, 2015.  The following chart sets forth the damages for overtime premiums due to Plaintiff:

| Year | Number of Weeks Worked Per Year | Hourly Rate Paid | Hours of Overtime Worked per Week | Overtime Rate | Overtime Premium Owed Per Week | Total Overtime Damages |
|------|------|------|------|------|------|------|
| 2015 | 48.14 (1/28/2015 – 12/30/2015) | $17.50 | 32 | $26.25 | $840.00 | $40,437.60 |
| 2016 | 52 (12/31/2015 – 12/30/2016) | $20.00 | 26 | $30.00 | $780.00 | $40,560.00 |
| 2017 | 52 (12/31/2016 – 12/30/2017) | $20.00 | 26 | $30.00 | $780.00 | $40,560.00 |
| 2018 | 52 (12/31/2017 – 12/30/2018) | $20.00 | 26 | $30.00 | $780.00 | $40,560.00 |
| 2019 | 13 (12/31/2018 – 3/31/2019) | $20.00 | 26 | $30.00 | $780.00 | $10,140.00 |
| TOTAL | | | | | | **$172,257.60** |

Though Plaintiff calculates his total unpaid overtime at $172,260.00, based on the Court's own calculations, denoted above, his unpaid overtime wages total $172,257.60. Accordingly, Plaintiff is owed $172,257.60 for failure of his employers to pay him at the overtime rate for overtime hours worked.

B. Spread of Hours

The spread of hours is the "interval between the beginning and end of an employee's workday." N.Y. Comp. Codes R. & Regs. Tit. 12 § § 146-1.6.; *see Shahriar v. Smith & Wollensky Rest. Grp. Inc.*, 659 F.3d 234, 241 (2d Cir. 2011); *see also Elisama*, 2016 WL 11523365, at *4. Under the NYLL, employers are required to pay employees an extra hour's pay at the NYLL minimum wage rate for each day the employee's spread of hours exceeds ten hours. N.Y. Comp. Codes R. & Regs. Tit. 12 § § 146-1.6.

During the relevant period, Plaintiff alleged that the Defaulting Defendants paid him a set salary no matter how many hours he worked. (SAC, at ¶ 71; Calle Decl., at ¶15). Specifically, Plaintiff alleges that in 2015 he worked 12-hour shifts, six days a week, earning $700.00 weekly (SAC, at ¶¶ 65, 74) and from January 2016 through the date employment was

15

severed in 2019 he worked 11-hour shifts, five days a week, earning $800.00 weekly (SAC, at ¶¶ 66, 75; Calle Decl., at ¶¶ 10, 16).  In other words, Plaintiff claims that he regularly worked more than ten hours a day and Defaulting Defendants failed to pay him for an extra hour of work at the minimum wage for those days. (SAC, at ¶ 87; Calle Decl., at ¶ 18).

The chart below details the Court's recommended calculations regarding spread-of-hours pay owed to Plaintiff per year for his work:

| Year | Number of Weeks Worked Per Year | Days Worked Per Week | Minimum Wage Rate[2] | Spread of Hours Damages Per Week | Total Spread of Hours Damages Per Year |
|---|---|---|---|---|---|
| 2015 | 48.14 (1/28/2015 – 12/30/2015) | 6 | $8.75 | $52.50 | $2,527.35 |
| 2016 | 52 (12/31/2015 – 12/30/2016) | 5 | $9.00 | $45.00 | $2,340.00 |
| 2017 | 52 (12/31/2016 – 12/30/2017) | 5 | $11.00 | $55.00 | $2,860.00 |
| 2018 | 52 (12/31/2017 – 12/30/2018) | 5 | $13.00 | $65.00 | $3,380.00 |
| 2019 | 13 (12/31/2018 – 3/31/2019) | 5 | $15.00 | $75.00 | $975.00 |
| TOTAL | | | | | **$12,082.35** |

Based on these calculations, Plaintiff is owed $12,082.35 in spread-of-hours pay.

C. Liquidated Damages

Plaintiff seeks liquidated damages under the NYLL.  Under the NYLL, "liquidated damages are presumed unless defendants can show subjective good faith." Z*ubair v. EnTech Eng'g, P.C.*, 900 F. Supp. 2d 355, 360 n.3 (S.D.N.Y. 2012); *see also* N.Y. Lab. Law § 663(1).  Liquidated damages are 100% of the unpaid wages/overtime.  29 U.S.C. 216(b); NYLL § 198(1-a), 663(1).  As Defendants have defaulted, they have not established the good faith necessary

---

[2] *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2; N.Y. Lab. Law § 652 (McKinney).

to rebut the liquidated damages presumption.  Accordingly, Plaintiff is entitled to liquidated damages in the amount of $184,339.95, *i.e.* the sum of his unpaid overtime and spread of hours pay.

A plaintiff may not recover liquidated damages under both the FLSA and the NYLL for the same claims.  *Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 61 (2d Cir. 2016) (holding that plaintiffs cannot recover liquidated damages under both the FLSA and NYLL because the liquidated damages provisions of the FLSA and NYLL "are identical in all material respects, serve the same functions, and redress the same injuries"); *see also de Los Santos v. Marte Constr., Inc.*, No. 18 Civ. 10748 (PAE) (KHP), 2020 WL 8549054, at *6 (S.D.N.Y. Nov. 25, 2020), *report and recommendation adopted*, No. 18 Civ. 10748 (PAE) (KHP), 2020 WL 8549055 (S.D.N.Y. Dec. 17, 2020).  Plaintiff makes no such request here.

D. <u>NYLL § 195 Violations</u>

Plaintiff also seeks $5,000.00 in statutory damages for the Defaulting Defendants' violations of NYLL § 195.[3]  Specifically, Plaintiff alleges that the Defaulting Defendants failed to furnish him with "a notice containing . . . the rate or rates of pay thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other allowances."  N.Y. Lab. Law. § 195(1) and (3); (SAC, at ¶ 83)  Plaintiff further alleges that the Defaulting Defendants did not provide him with a proper paystub specifying the pay period, his hourly rate, the hours he worked, or any other information mandated by NYLL § 195.  (*Id.*, at ¶ 84)

---

[3] Plaintiff has represented that while he raised a wage notice violation in his pleadings, he is not pursuing that claim on default.

NYLL § 198 sets the amount of statutory damages an employee may recovery for violations of NYLL § 195. It provides that a plaintiff under the statute "shall recover in a civil action damages of two hundred fifty dollars for each workday that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars." However, a plaintiff may not automatically collect a statutory penalty upon proof of a statutory violation. To do so, they must also establish standing under Article III of the United States Constitution. To establish such, a plaintiff must also demonstrate that she suffered a "concrete and particularized injury" as a result of the statutory violation. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423, 426 (2021) (finding that the mere existence of a statutory prohibition or obligation does not, by itself, create an injury and explaining that for purposes of Article III standing, a plaintiff must demonstrate a concrete injury – even when alleging a violation of a statute). The Second Circuit clarified that, a plaintiff suing under the NYLL "cannot rely on technical violations of the Labor Law but must allege actual injuries suffered as a result of the alleged wage notice and wage statement violations." *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 305 (2d Cir. 2024) (cleaned up). "[U]nless the plaintiff-employee can show that he or she ... plausibly would have avoided some actual harm or obtained some actual benefit if accurate notices had been provided, the plaintiff-employee has not established a concrete injury-in-fact sufficient to confer standing to seek statutory damages under § 195." *Id*. at 308; *see also Neor v. Acacia Network, Inc.*, No. 22 Civ. 4814 (ER), 2023 WL 1797267, at *4 (S.D.N.Y. Feb. 7, 2023) (dismissing WTPA claims where the complaint did not "allege any harm stemming from a lack of accurate wage notices or statements").

In this case, while Plaintiff alleges that Defendants failed to provide accurate wage statements (SAC, at ¶ 119), he does not allege any facts demonstrating that the purported failures caused him confusion regarding how his wages were calculated or resulted in any other concrete injury in fact. *Kerker v. BMDC Constr. Ltd.,* No. 21 Civ. 9277 (PGG) (BCM), 2025 WL 2466630, at *8 (S.D.N.Y. Apr. 16, 2025) (slip copy) (finding that mere allegations that the defendants technically violated Section 195, without allegations of an articulated injury in fact stemming from the violation, precluded the plaintiff from the $5,000 statutory award); *Hernandez v. 99 Thai Playground LLC*, No. 19 Civ. 1257 (ALC) (SN), 2022 WL 18539303, at *7 (S.D.N.Y. Nov. 28, 2022), *report and recommendation adopted*, No. 19 Civ. 1257 (ALC) (SN), 2023 WL 1400626 (S.D.N.Y. Jan. 31, 2023) (same result where the plaintiff alleged "only a technical statutory violation, and not a physical, monetary, or cognizable harm.")  Accordingly, Plaintiff cannot recover the $5,000 in statutory damages he seeks.

   E.  <u>Pre-Judgment Interest</u>

Plaintiff also requests, and is entitled to, pre-judgment interest under the NYLL.  *See* N.Y. Lab. Law § 663; *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 48 (E.D.N.Y. 2015) ("In contrast to the FLSA, the NYLL permits an award of both liquidated damages and prejudgment interest.")  "Prejudgment interest is calculated on the unpaid wages due under the NYLL, not on the liquidated damages awarded under the state law." *Fermin*, 93 F. Supp. 3d at 49 (citation omitted).  The statutory rate of interest is nine percent per annum.  N.Y.C.P.L.R. § 5004.  Where damages were incurred at various times, interest may be calculated from a single reasonable intermediate date. *Id*. § 5001(b).  The midpoint of a plaintiff's employment is a

19

reasonable intermediate date for purposes of calculating prejudgment interest.  *See Fermin*, 93 F. Supp. 3d at 49.

To calculate prejudgment interest, the court must multiply the total amount of Plaintiff's compensatory damages (for unpaid overtime wages and spread of hours wages) by an interest rate of 9 percent which will yield the amount of prejudgment interest per year. Plaintiff was employed during the statute of limitations period from January 28, 2015 through March 31, 2019. The approximate midpoint date between those two dates for calculating prejudgment interest is therefore February 27, 2017.  Consequently, Plaintiff should receive prejudgment interest on a principal of $184,339.95 at an interest rate of nine percent per annum as applied from February 27, 2017 to the date of entry of judgment. This amount will be calculated by the Clerk of the Court in the event this Recommendation is adopted.

F.   Post-Judgment Interest

28 U.S.C. § 1961 provides that an award of post-judgment interest is mandatory in any civil case where money damages are recovered.  *See Duffy v. Oyster Bay Indus., Inc.,* No. 10 Civ. 3205 (ADS) (ETB), 2011 WL 2259798, at *3 (E.D.N.Y. Mar. 29, 2011), *report and recommendation adopted,* No. 10 Civ. 3205 (ADS) (ETB), 2011 WL 2259749 (E.D.N.Y. June 2, 2011); *see generally Begum v. Ariba Disc., Inc.,* No. 12 Civ. 6620 (DLC), 2015 WL 223780, at *8 (S.D.N.Y. Jan. 16, 2015) (awarding post-judgment interest in a FLSA and NYLL wage-and-hour case).

Additionally, "Pursuant to [ ] NYLL [§ 198(4)], 'if any amounts [of damages awarded under the NYLL] remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending,

whichever is later, the total amount of judgment shall automatically increase by fifteen percent.'") *Romero v. Anjdev Enters., Inc.*, No. 14 Civ. 457, 2017 WL 548216, at *13 (S.D.N.Y. Feb. 10, 2017) (quoting *Hernandez v. JRPAC Inc.*, No. 14 Civ. 4176, 2016 WL 3248493, at *36 (S.D.N.Y. June 9, 2016)).

Therefore, I respectfully recommend that Plaintiff be awarded post-judgment interest, to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961.  *See id.*  And if any amount of the total judgment remains unpaid as set forth above, I further recommend for the total amount of judgment to automatically increase by 15% under NYLL § 198(4).

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that Plaintiff be awarded (1) $184,339.95 in unpaid overtime and spread of hours wages (2) $184,339.95 in liquidated damages, (3) prejudgment interest on the unpaid wages at a rate of nine percent per annum from the period of February 27, 2017 to the date of entry of judgment, (4) post-judgment interest to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961, and (5) pursuant to NYLL  § 198(4), if any of amount of the judgment remains unpaid 90 days following the entry of judgment, or 90 days after the time to appeal has lapsed and no appeal is then pending, whichever is later, that the total damages owed increase automatically by 15%.  Plaintiff is directed to serve a copy of this Report and Recommendation on Defendants and file proof of service of the same on the docket by two weeks from the date of this Report and Recommendation.

Dated: February 23, 2026
New York, NY

Respectfully submitted,

Katharine H. Parker
United States Magistrate Judge

22

## NOTICE

Plaintiff shall have fourteen days and Defendants shall have fourteen days from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)).  A party may respond to another party's objections after being served with a copy. Fed. R. Civ. P.72(b)(2).

Plaintiff shall have fourteen days to serve and file any response.  Defendants shall have fourteen days to serve and file any response.  Any objections and any responses to such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable John G. Koeltl at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and served on the other parties. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).  Any requests for an extension of time for filing objections must be addressed to Judge Koeltl.  The failure to file timely objections shall result in a waiver of those objections for purposes of appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).